68 So.2d 643 (1953)
ACHORD
v.
GREAT AMERICAN INDEMNITY CO. et al.
No. 3749.
Court of Appeal of Louisiana, First Circuit.
November 13, 1953.
Rehearing Denied December 18, 1953.
*644 Kantrow Spaht & West, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for appellees.
ELLIS, Judge.
This suit is the result of a collision in which the automobile of the plaintiff driven by his wife who had as her guests her mother, grandmother, her fifteen year old sister, and her small baby, ran into the rear end of an automobile driven by Joel P. Lusk, one of the defendants, shortly after dark on May 27, 1952.
The defendant filed an exception of no cause and no right of action which was referred to the merits. The plaintiff introduced his testimony and after argument the Judge of the lower court there and then sustained defendant's exception of no right and no cause of action and dismissed plaintiff's suit, and it is from this judgment that the plaintiff has appealed.
The defendant urges on appeal that the exception of no cause of action should have been sustained in limine litis for, taking the allegations of plaintiff's petition as true, which we must do in considering the exception of no cause of action, they affirmatively show contributory negligence on the part of the plaintiff. As defendant has the right to reurge his exception of no cause of action on the face of the pleadings, it is necessary that we quote the material portions of the petition:
*645 "2. That on or about May 27, 1952, at about the hour of 6:30 P.M., petitioner's 1939 Ford Sedan automobile was damaged when it struck the rear end of a 1951 Ford Sedan automobile, being driven and operated by the defendant, Joel P. Lusk on the southern connecting link between the Scenic Highway and the Airline Highway in the Parish of East Baton Rouge, State of Louisiana.
"3. That petitioner's car was being driven and operated by his wife, Mrs. Patsy Singleur Achord, and the accident occurred immediately after she had turned off to her right from the Scenic Highway and was proceeding in an eastwardly direction slowly and in a careful and prudent manner during a heavy rain, toward the Air Line Highway; that the said Joel P. Lusk had prior to the accident been proceeding in the same direction and for some reason had stopped or parked his car directly in the center of the road, without any lights, warning flares, or anything else to warn approaching traffic of the location of the said automobile, which automobile, petitioner is informed and believes, and, therefore, alleges, was owned by Lusk's employer, the Capital City Ford Company, Inc., a corporation organized under the laws of the State of Louisiana, and domiciled in the Parish of East Baton Rouge, thereof.
"4. Petitioner alleged on information and belief that his said wife was driving in a slow and cautious manner, at a speed of 10 to 15 miles per hour, keeping a careful lookout to the front; that due to the heavy rain, to the incline in the highway, and to the fact that she had just turned off the Scenic Highway to her right, she did not, and could not, observe the unlighted and unmarked dark Ford Sedan automobile which was stopped in the middle of the highway, in sufficient time to avoid striking it, and thus the accident and resulting damages were caused wholly by the gross negligence of the said Joel P. Lusk stopping and parking his automobile in the middle of a main travelled highway on a dark and rainy night, on an incline and in close proximity to the point where vehicles must turn abruptly off a main through highway and travel to approach and reach another main and through highway.
"5. Petitioner further alleges on information and belief that the said Lusk was grossly negligent in operating the said Ford automobile under the influence of intoxicating liquors, and that it was because he was groggy from such that he stopped his car in the highway without any lights, in complete disregard to the rules of safety to other people using the highway.
"6. On information and belief, petitioner alleges that immediately following the accident, petitioner's wife suggested to the said Lusk that the police be called to investigate the accident but he said such was not necessary, and without equivocation assumed the full and complete responsibility for the happening of the accident and promised to have petitioner's car repaired, and in accordance with that promise he contacted his employer, the Capital City Ford Company and had said company to send its wrecker to pick up petitioner's car, and thereafter petitioner's car was transported to the Capital City Ford Company for the purpose of being repaired at the cost and expense of the said Joel P. Lusk."
It is defendant's contention that these allegations bring this case squarely under Mickens v. F. Strauss & Son, Inc., La.App., 28 So.2d 84. See also Locke v. Shreveport Laundries, Inc., 18 La.App. 169, 137 So. 645; Odom v. Long, La.App., 26 So. 2d 709; Hogue v. Akin Truck Line, La. App., 16 So.2d 366; Louisiana Power & Light Company v. Saia, 188 La. 358, 177 So. 238.
It might be well to briefly review the attitude and jurisprudence of the Courts of Louisiana in considering an exception of *646 no cause of action based upon an affirmative defense, in this case the contributory negligence of the plaintiff's wife.
The Supreme Court, in the case of Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720, 721, in dealing with an exception of no cause or right of action had the following to say:
"As a general rule, contributory negligence being a special defense cannot be pleaded on an exception of no cause of action, since negligence is a question of fact which must be determined by a trial on the merits. There is, however, an exception to this general rule. For example, if the inference can be drawn from the facts alleged by the plaintiff showing him to have been guilty of contributory negligence, this negligence can be determined as a matter of law by the judge. McMahon, Exception of No Cause of Action in Louisiana, 9 T.L.R. 17, 22 (1934). The first clear rule on this subject was formulated in Gibbs v. Illinois Central R. Co., 169 La. 450, 125 So. 445. In that case the court held that an exception of no cause of action based on plaintiff's contributory negligence should not be maintained unless the facts alleged by the plaintiff show affirmatively that he was guilty of negligence, and that such negligence was the proximate cause of the accident. This rule places the determination of each case on a trial on the merits rather than on paper pleadings. A decision on the exception of no cause of action is not a fair way to determine the rights of litigants, since the facts alleged in each case raise several problems materially affecting those rights which can best be solved by the hearing of evidence in the case.
"In West v. Ray, 210 La. 25, 26 So. 2d 221, 224, the Court stated:
"`We conclude therefore that an affirmative defense, presented through exceptions or motions tried or triable only on the face of the petition, should not be sustained unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.'"
The petition under consideration alleges that the plaintiff's wife was driving the family car on the Scenic Highway in East Baton Rouge Parish at a speed of from 10 to 15 miles per hour during a heavy rain, and that she turned from this highway to her right on a road leading to the Air Line Highway, and that just as she had turned off the Scenic Highway on said road she ran into the rear of the Lusk automobile which had been proceeding in the same direction and for some reason had been stopped or parked directly in the center of the road without any lights, warning flares or anything else to warn approaching traffic of its location. The petition further alleges that plaintiff's wife was driving in a slow and cautious manner, was keeping a careful lookout to the front, and that due to the heavy rain, the incline in the highway and the fact that she had just turned off the Scenic Highway to her right, she did not and could not observe the unlighted and unmarked dark Ford Sedan automobile stopped in the middle of the highway in sufficient time to avoid striking it, and thus the accident and resulting damages were caused wholly by the gross negligence of Lusk in stopping and parking his automobile in the middle of a main travelled highway on a dark and rainy night on an incline and in close proximity to the point where vehicles must turn abruptly off a main through highway to approach and reach another main through highway.
It is universally recognized that each case involving an exception to the general rule that one should have such control over his automobile so as to be able to stop within the distance in which he can see plainly an obstruction or danger ahead must be dependent on the fact and circumstances of each particular case, and that no hard and fast rule is applicable to such cases.
*647 The Mickens case, supra, is easily distinguishable from the present case for in that case the Court found that the rear end collision occurred on a straight road and that the plaintiff was running at a speed too great to stop within the distance illuminated by the truck's headlights, whereas in the present case one traveling from 10 to 15 miles an hour would not be guilty of such negligence or could not be considered as going at too great a speed. Furthermore, in the Mickens case it was not shown that he reduced his speed while blinded by the lights of the oncoming car, nor had he changed his lights from bright to dim. In the present case, plaintiff's wife was traveling at a reasonable speed considering the surrounding circumstances, that is, the heavy rain, and there was no need for her to reduce her speed.
The Odom case, supra, is not applicable under the facts in the present case, for in that case the Court held that it was the duty of the motorist when his vision was obstructed by the lights of an approaching automobile or for any other reason to reduce his speed and bring his automobile under such control as to be able to stop the automobile instantly should conditions require that such action be taken to avoid a collision. In the present case, one of the factors which obscured plaintiff's wife's vision was the rain. She did what she was supposed to do, travelled at only 10 or 15 miles an hour which was reasonable under the circumstances. She was not completely blinded or at least she does not allege that she was and there was no necessity for her to stop on the highway and wait for the rain to cease.
The Hogue case, supra, can also be distinguished from the present case under the facts alleged in the petition. In the Hogue case the Court found that the plaintiff was either driving too fast under prevailing weather conditions or was not maintaining a proper lookout. In the present case, the same is not true. One distinguishing feature of the present case from those cited is that the plaintiff alleged she had just turned to her right and was negotiating a curve.
The allegations of the petition do not convict the plaintiff's wife of contributory negligence and the exception of no cause of action should be overruled.
In view of the judgment of the Court after hearing the testimony of the plaintiff's witnesses, it is necessary that the testimony be discussed.
A map of the highway and the connecting road in question showing the approximate location of the collision was introduced in evidence. The testimony and the map show that this collision took place at the end of a curve in the connecting link between the Scenic Highway and the Air Line Highway. It further shows that the speed of the plaintiff's car was approximately 15 or 20 miles an hour, that there was a heavy rain, and that the defendant's automobile was either parked or moving very slowly near the center line of the connecting road at the time of the collision and the plaintiff's witnesses testified that there were no lights on this parked automobile although the defendant denied this under cross-examination. He also testified that he was driving a practically new Ford car and that such a car has a taillight of approximately four inches in diameter.
We note that counsel for plaintiff states in his brief:
"Reading the reasons dictated by Judge Johnson in sustaining the exceptions indicates clearly that he believed the testimony of these women as to how the accident occurred, but felt, under the law of this State, that Mrs. Achord, in running into a vehicle in the road, was guilty of contributory negligence in not having been able to stop her car within the range of her headlights."
We do not find the reasons allegedly dictated in this record. We are of the opinion that the testimony offered on behalf of the plaintiff is sufficient to bring *648 the case within the exception to the general rule. We are also of the opinion from the testimony that the proximate cause of this accident is the fact that the defendant had parked his car right at the end of a curve without any lights or warning signals whatsoever and although the plaintiff collided with the rear end of this car, she was proceeding in a cautious manner at a safe speed of not more than 20 miles per hour at the time and was not contributorily negligent. The case of Vines v. Protective Indemnity Co., La.App., 37 So.2d 545 applies to the facts in this case insofar as the curve in the road and the position of the defendant's parked automobile are concerned.
We are of the opinion that the judgment of the District Court should be reversed and the exception overruled and the case remanded to the District Court for further trial.