76 So.2d 412

Edwin A. GEOGHEGAN et al.

v.

The GREYHOUND CORPORATION.

In re Edwin A. Geoghegan et al., applying for certiorari or writ of review to the Court of Appeal for the First Circuit, Parish of St. Tammany.

No. 41870.

Nov. 8, 1954.

Rehearing Denied Dec. 13, 1954.

Charles Kohlmeyer, Jr., New Orleans, Dalton J. Barranger, Covington, Lemle & Kelleher, New Orleans, of counsel for petitioners.

Porteous & Johnson, F. Carter Johnson, Jr., New Orleans, for defendant-appellee.

PONDER, Justice.

We granted a review in this case because we were of the opinion that the Court of Appeal was in error in concluding, under the facts found by them, that the driver of the defendant's bus was not negligent in operating the bus at the rate of 45 miles per hour and that the Court of Appeal was

in error in relying on the holding in the case of Anderson v. Bendily, 66 So.2d 355.

In this suit the plaintiffs sought to recover damages from the defendant for five head of cattle alleged to have been struck by defendant's bus resulting in their death or destruction. The defendant admitted killing one cow and injuring a bull, but averred that the accident was due to no negligence on the part of the driver of its bus. The lower court, on hearing of the case, arrived at the conclusion that the driver of defendant's bus was negligent and was responsible for the death of three head of cattle and gave judgment awarding the plaintiffs $850 for same. The defendant appealed to the Court of Appeal and, on submission of the appeal, the Court of Appeal reversed the judgment of the lower court and dismissed plaintiffs' suit. 71 So.2d 642. The plaintiffs applied to this Court for review. A review was granted and the case is submitted for our determination.

It appears that the accident occurred at approximately 1:00 A.M. on April 22, 1951. The bus was proceeding easterly at the time of the accident, from New Orleans to Mobile, Alabama, on Highway No. 90, after crossing the Rigolets Bridge.

There were only two eyewitnesses to the accident, the bus driver and a passenger by the name of Cavanaugh. The bus driver testified it had been raining and was misting at the time of the accident and that the condition of the weather was such that he was having difficulty in seeing; that the road was wet and he was running behind schedule; that he was operating the bus at 45 miles per hour at the time of the accident; that shortly before the accident a car with dim lights approached the bus from the opposite direction; that he dimmed his headlights so as not to blind the driver; that the lights of the approaching car in no way blinded him; that after passing the car he brightened his lights and was confronted with some 12 or 14 head of cattle on the shoulder of the highway; that after he passed the oncoming car he noticed the cows on the shoulder of the highway coming into the roadway; that evidently they were on either side of the paved roadway; that when the oncoming car had passed he didn't notice any signs of animal life on the sides of the road and that evidently they came in from behind the oncoming car.

The testimony of Cavanaugh is of similar import other than in place of saying the cattle "walked" onto the road he said the cattle "stalked" onto the road.

"A motorist is held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and that the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision." Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238. It is negligence to drive an automobile

at a greater rate of speed than is prudent under the circumstances. Culpepper **v.** Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148.

 The operation of the bus at the rate of 45 miles per hour under the weather conditions was not the use of ordinary care and prudence and had the driver been operating the bus at a reasonable rate of speed he would have had time to avoid running into the cattle. The surface of the road was wet and his vision was restricted. Under such circumstances he should have operated the bus at a rate of speed that would give him control of his car in event that just such a condition, as he was confronted with, arose. Therefore, the result of the accident was due to his negligence.

The holding in the case of Anderson v. Bendily, supra is not applicable nor the other cases cited by the counsel for the defendant because all of those cases involve circumstances where animals suddenly darted in front of an automobile operated at a reasonable rate of speed. In the present case the animals walked or "stalked" onto the highway and did not suddenly dart in front of a bus.

For the reasons assigned, the judgment of the Court of Appeal for the First Circuit is reversed and set aside. The judgment of the lower court is reinstated and affirmed; all costs to be paid by the defendant, appellee.