TATE, Judge.
This personal injury aiid property damage suit by Guy Gautreaux and his collision insurer (as subrogee) arises from a collision by Gautreaux’s passenger automobile with a large cane truck. Made defendant are the truck’s owner, driver, and liability insurer, who appeal from adverse judgment.
The negligence of defendants’ driver in turning a long (42-45') cane truck so as to block the entire highway is not disputed. The chief defense is that -Gautreaux, driver of the automobile, is barred from recovery by his contributory negligence in smashing into the broad side of the- truck.
*633 '■ The accident occurred in open, country in Tafourche Parish. Louisiana' Highway 78 at-the place of the accident is approximately 18 feet in width, black-topped, and' with ■shoulders of approximately 12 feet on' each •side.. The east shoulder drops abruptly into the bayou. The west shoulder is bounded by a ditch and sugar cane fields.
The accident occurred at about 5:30 a. m. ■on November 10, 1952, at dawn (“between •daylight and dark”). It had been raining .during the night, and at the time of the accident, a light rain or sprinkle was falling, requiring the use of windshield wipers. However, as the District Court found, the record does not indicate that visibility was unduly obscured, and motorists could see at least 200 feet ahead.
'Gautreaux was driving “not exceeding <60 mph”, with his lights on bright. Before the accident, the cane truck (headed south, as was Gautreaux) had pulled across the highway to the driver's left (east), or the bayou side, and parked partly on the left •shoulder. The, truck driver pulled back across the highway immediately prior to the accident at a speed of 4-5 mph, in order to cross to a hoist in a cane field on the right ■(west) side of the highway. When struck in the middle of the trailer, the front end of his cab had cleared the highway and was on the right (west) shoulder thereof.. The right side of the trailer was struck by Gautreaux approaching from the north. It is admitted there were no truck lights whatsoever on this side or visible to oncoming traffic.
The District Court in an excellent review of the facts herein and the applicable jurisprudence held that the act of the truck driver in turning his unlighted truck so as to block the entire highway, without warning and without observing oncoming traffic was the sole proximate cause of the accident; and that if plaintiff Gautreaux’s speed was excessive under the circumstances, such speed was not the proximate cause of this accident and of the damage for which relief is sought.
Calling our attention to the weather conditions somewhat limiting visibility and certainly making it more difficult to, stop on the wet- asphalt, defendants forcefully urge that plaintiffs are barred from recovery by •the contributory negligence of- Gautreaux in driving at a speed (60 mph) excessive under these weather conditions; that, further, plaintiff was "overdriving” his headlights in that in,-the dawn hours and with a light rain, he was not able to stop within a range of his headlights.
Defendants cite to us such cases as Geoghegan. v. Greyhound Corporation, 226 La. 405, 76 So.2d 412; Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Cooper v. Boudreaux, La.App. 1 Cir., 80 So.2d 873; Mickens v. F. Strauss & Son, La.App., 28 So.2d 84; Hogue v. Akin Truck Line, La.App., 16 So.2d 366; Horn v. Barras, La.App. 1 Cir., 172 So. 451; Pollet v. Robinson Lumber Company, 10 La.App. 760, 123 So. 155. This jurisprudence indeed supports the legal propositions relied upon by defendants.
However, as the District Court observed, most of ,these cases concern a more or less stable object stopped or parked in the traffic lane of the approaching vehicle, of such size, shape or .color as to have been readily seen by an approaching careful and observant driver; or an object which might be an-, ticipated by a reasonably prudent driver.
In the- present case, however, the obstructing truck moved from a parked position on the far shoulder, or bayou side, .from which no traffic could normally be .anticipated, without warning and without any vehicle lighting equipment whatsoever, and crossed into the plaintiff’s lane of traffic approximately 3 seconds before the impact. The bare skeleton outline of the empty cane truck, with its very light frame work and very widely spaced pickets and slats, blende'd into the dark background. Even had plaintiff observed this long truck parked on the far shoulder or moving slowly in the left lane reserved for traffic coming from an opposite direction, he could not reasonably anticipate the sudden crossing of this long vehicle into his path, and obstructing the entire highway.
*634 By the time the truck crossed into his own lane, and plaintiff Gautreaux had a reasonable opportunity to . evaluate this entry, Gautreaux was unable to avoid the accident in the situation created by the gross negligence of the defendant; and, as the District Court held, would have been unable to do so even approaching much 'more slowly. Therefore, plaintiff’s - speed was not a proximate contributory cause of the accident.
 Whether plaintiff’s hitting an object in his path is in fact contributory negligence depends upon all the facts and circumstances existing in each case, which determine whether or not the approaching motorist had sufficient reason for not seeing the object or obstruction in time to stop, depending not only on whether the object is difficult to see, but also whether it is unusual or not reasonably to be anticipated so as not to alert the driver’s attention, Gaiennie v. Cooperative Produce Company, 196 La. 417, 199 So. 377. See also Lynch v. Fisher, La.App., 41 So.2d 692 (skeletal body of logging truck parked in driver’s own lane of traffic “not easy to be perceived by driver of a vehicle approaching from the rear”, “not of such nature as to impel and focus his attention”, 41 So.2d 694, 696). See also Achord v. Great American Indemnity Company, La.App. 1 Cir., 68 So.2d 643.
We likewise agree with the District Court that Gautreaux could not avoid the accident within the short period of time it took for defendant’s truck to have entered plaintiff’s lane of traffic and to block the entire highway and a portion of both shoulders thereof. All plaintiff could do was slam on his brakes to minimize the impact, which he did.
The property damage sustained by the collision insurer, co-plaintiff,' is admitted, as well as plaintiff’s special damages for slight medical expense and for loss of wages.
Plaintiff answered the appeal seeking an increase of the award of $250 for pain and suffering sustained by him as a result of the collision, being chiefly knees skinned, minor bruises on chest and arm, a sprinkling of slight glass pricks on the neck. We do not feel the amount awarded was •manifestly insufficient, and it will not be disturbed.
For the above and foregoing reasons, the judgment appealed from is hereby affirmed at appellants’ cost.
Affirmed.