TATE, Judge.
Plaintiff Gaines appeals from judgment after trial dismissing his claim for $201.09 property damage caused when his car struck a truck stopped on the highway after dark.
The accident occurred on a straight stretch of open highway near Claiborne, La., just after dark. Both plaintiff-Gaines’s car and the truck owned by defendant’s assured were headed north. The right front of the Gaines car struck the left rear corner of defendant’s truck, moving the latter just 1-3 feet forward, and damaging it very slightly. Plaintiff’s 1947 car was a total loss. It had been raining hard earlier in the day, although not at the time of the accident.
Defendant’s truck driver testified that just before the accident he had stopped on the highway to let a car in front make a left turn, having signalled his intention by hand and by rear brake light. He further states that the taillights were burning both before and after the accident.
Plaintiff Gaines, who was riding as passenger in his own car, and Latil, the driver thereof, testified to a speed of 30-35 mph before the accident. They testified they could not see the truck until it was 30 feet in front of them because the black truck’s taillights were off, and it blended with the dark, wet black-top road. Latil unsuccessfully tried to miss the truck by swerving left when it loomed in front of him. Both Latil and Gaines admitted that although they saw the lights of an oncoming car in the distance, it did not interfere with their visibility.
In the absence of contrary finding by the District Court, a preponderance of the evidence indicates that the rear lights on the truck were off, or not clearly visible, especially because of the testimony of one, Chester Sharp, who had passed the truck a few minutes earlier on his way to get some ice cream, and on his return found the truck and the Gaines car after the accident. Sharp testified positively that there were no taillights lit on the truck on either occasion. Although another disinterested witness (Mooney) was called on behalf of defendant to prove the taillights were on, the sole effect of his testimony was that “A ‘small taillight way down underneath” was burning on the truck after the accident, when defendant’s truck driver and the occupants of plaintiff’s car were arguing whether it had been on or off at the time of the accident. We further note that the passenger in defendant’s truck was not called by defendant to testify, nor was any reason given for such failure to call him.
Under these circumstances, we feel that the stopping of defendant’s truck without taillights (or with taillights not visible) on the traveled portion of the highway at night, constituted negligence which was a proximate cause of the accident herein under the circumstances at the time thereof.
 Ordinarily probably, the plaintiff, being a guest passenger, is not answerable for the negligence of his driver in these circumstances since he “is not required to keep a constant lookout for the dangers of the highway * * *, it being his right and privilege to place reasonable reliance upon the driver, in charge of the car for the exercise of the necessary care and caution.” Herget v. Saucier, 223 La. 938, 67 So.2d 543, at page 545; White v. State Farm Mutual Automobile Insurance Co., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. But, for certain, historical reasons, it is settled that as to third persons involved in an accident, the negligence of the driver is imputed to the owner of the car when he is- riding therein as that of an agent, and if a proximate cause of -the accident, will constitute contributory negligence barring recovery by the owner from the third party, Waguespack v. Savarese, La.App., 13 So.2d 726; Weitkam v. Johnston, La.App., 5 So.2d 582; Riggs v. F. Strauss & Son, La.App., 2 So.2d 501; see also Note, 12 La. Law Review 323; Pierrotti v. Huff Truck Lines, La.App. 1 Cir., 63 So.2d 886.[1]
*220 Thus, owner-passenger Gaines, plaintiff herein, is barred from recovery if any contributory negligence of his driver, Latil, was a proximate cause of this accident. ■ ■
We are informed that the District Court held that a proximate cause of the accident was the negligence of Latil in driving at a speed excessive under the conditions in force at the time of the accident of poor visibility, wet asphalt, and so that he was not able to stop within the range of his headlights; Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412; Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238; Cooper v. Boudreaux, La.App. 1 Cir., 80 So.2d 873.
On the other- hand, plaintiff urges that this casé falls under the exception to this doctrine, where an oncoming motorist’s failure to perceive the object in his path is sometimes excusable when the object is difficult to see and so unusual or not reasonably to be anticipated, as not to alert the driver’s attention; Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Gautreaux v. Orgeron, La.App. 1 Cir., 84 So.2d 632; Achord v. Great American Indemnity Co., La.App. 1 Cir., 68 So.2d 643, Buford v. Combs, La.App., 1 Cir., 50 So.2d 469.
 Whether in a given instance the rear-end collision falls withiii the scope of the Gaiennie exception or not, depends upon all the'facts and circumstances of each accident. We are -unable' to say that the District Court’s determination is manifestly erroneous that this accident' was not within the scope of the Gaiennie exception. The record is deficient of any reason why the plaintiff’s driver did not obsérve the truck parked in its path except that it was black; for instance, why'the outline of the body or the cab of the truck was not shown by the headlights or noticeable ahead to the driver of the car.
For the above and foregoing reasons, the judgment of the District Court herein is affirmed. Costs to be paid by plaintiff-appellant.
Affirmed.

. However, as betWeen the driver and the owner-passenger, this imputation does not apply. McDowell v. National Surety Corp., La.App. 1 Cir., 68 So.2d 189, cer- *220 tiorari denied 347 U.S. 995, 74 S.Ct. 867, 98 L.Ed. 1127; Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365, certiorari denied; see also McHenry v. American Employers Insurance Co., 206 La. 70, 18 So.2d 656.