TATE, Judge
(dissenting).
It is with some hesitation that I disagree with the carefully considered and well written majority opinion.
We have denied recovery herein to a motorist who was completely free of negligence, struck while proceeding in his own proper lane of traffic by a vehicle approaching from the opposite direction which suddenly swerved from its proper lane into plaintiff's path. Under similar circumstances we recently denied recovery to a driver and two passengers struck in their own lane of traffic by an oncoming car which swerved from its lane into theirs, Mershon v. Cutrer, La.App., 85 So.2d 639, 645 (three companion cases.)
It is to be noted that in each of these suits by an admittedly blameless motorist, the sole proximate cause of the accident was held to be the negligence, not of the oncoming motorist, but of some third party who was not a party to the proceeding and not represented therein. The standard we have followed in reaching this result is to' discuss whether in a lawsuit between the third party and the oncoming motorist, an accident as between them would have been caused solely by the negligence of the third party, or concurrently by that of the third party and the oncoming motorist. But this determination is based on the record educed in a lawsuit between the blameless driver and the oncoming motorist, in which the third party is not a party defendant nor represented by counsel.
Application of this seemingly logical standard, however, produces an illogical result. To recover in his suit against the oncoming driver, the blameless motorist must prove by a preponderance of the evidence that the third party’s negligence was not the sole proximate cause of the accident as between the third party and the oncoming other motorist; for the plaintiff bears the burden of proving his case in each instance. Contrariwise, however, the oncoming other motorist to recover in his own suit against the third party has the burden of proving that the third party’s negligence was the sole proximate cause of the accident. So that even with the doubtful assumption that the identical evidence would be produced in the two different suits, application of these different legal standards could very well produce the result that recovery is denied the oncoming other motorist in his suit against the third party because the oncoming motorist had not preponderantly proved that the sole proximate cause of the accident was the third party’s negligence, rather than the concurrent negligence of both motorists; whereas recovery is likewise denied the blameless motorist in the companion suit by him against the oncoming motorist, because the plaintiff in the companion suit had not preponderantly proved that the admitted negligence of the third party was not the sole proximate cause of the accident.
The doubts engendered by such illogical possibilities have led me to the conclusion *433 that in the cited cases and the present we have overlooked an important principle: The standard of care owed by a motorist using the highways is not absolute and invariable, but varies greatly according to the circumstances of the time and place of the accident; and it also varies relatively according to the different classes or types of persons also using the highway.
A motorist may owe one duty to traffic directly in his own lane ahead; but he may owe another and a greater duty to traffic approaching in its own lane, at least to the extent that he will not encroach onto this other lane. A lookout which may be legally sufficient to avoid liability for damage to traffic in his own path, may be insufficient to avoid liability when the motorist has failed to see such traffic in time to avoid swerving into the other lane so as to cause damage to other traffic proceeding properly therein with due caution. Actions in an emergency caused by the negligence of traffic in the motorist’s own path which might be legally excusable in an action by the motorist against those responsible for wrongfully blocking his own lane of traffic may nevertheless be negligent when they cause injury to another rightfully proceeding free from fault in his own kne.
While only ordinary effort might be required to avoid colliding with obj ects which should not be blocking the stream of traffic in the driver’s own lane, in a suit by the motorist against such blocking person; yet extraordinary efforts may be required of such driver so that he avoid striking innocent motorists proceeding in the other lane of traffic reserved for them, in an action by such injured blameless motorists against the driver. The latter may be held to a higher degree of care to avoid invading the stream of oncoming traffic, with such readily foreseeable tragic results.
This principle is not revolutionary in our law.
For instance, as pointed out by Judge Hardy as organ of the Second Circuit in
Wilson v. Yellow Cab Co. of Shreveport, Inc., La.App., 64 So.2d 463, at page 466, the identical conduct of a taxi driver rendered him liable there to a passenger in his cab, that in Bechtold v. Commercial Standard Insurance Co., La.App., 31 So.2d 894, 896, was held to be non-negligent with regard to traffic approaching from the inferior street: the distinction being that the duty owed by the driver to the other traffic was only that of “reasonable prudence”, while he owed to his passenger the duty of “ ‘the highest degree of care.’ ” Therefore, “The omission of any act of care or caution no matter how slight in degree is sufficient to sustain a finding of liability, in the instant case.” 64 So.2d 466.
Likewise, the same conduct (failure to slacken speed and to be alert) of a motorist may not be negligent with regard to adult persons working or playing off the side of the road, but may nevertheless constitute actionable negligence with regard to children identically situated, who suddenly run into the roadway, Guillory v. Horecky, 185 La. 21, 168 So. 481, Chief Justice Fournet, organ of the Court.
Somewhat similarly, the landlord may owe one duty to his tenant, another to an invitee, yet another to a licensee or trespasser; and conduct excusable as to one class of individuals may constitute actionable negligence as to those in other categories. See Mills v. Heidingsfield, La.App., 192 So. 786 (certiorari denied).
As to the particular situation before us now, it should be remembered that the usual rule is that “the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he could stop within the range of his vision”, Louisiana Power & Light Co. v. Saia, 188 La. 358, 177 So. 238, 239. However, the doctrine has developed and is now well recognized that such driver’s negligence does not constitute a contributory proximate cause barring recovery in a suit by him against one who has blocked his legal path, when there are excusable *434 features such as blinding lights, the blending coloring of the parked object, etc., Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720; Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377.
But although such negligence may be held excusable in a suit against the tort-feasor who has created the risk by blocking traffic, nevertheless it may be held actionable negligence in other situations, such as in a suit by the owner of cows which walked into the motorist’s pathway, Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412.
Thus while it appears to me (as the majority opinion holds) that defendant motorist’s failure to maintain such lookout and control as to stop within the range of his vision did not breach the duty of merely “reasonable prudence” that he owed to the Sims’ car so negligently parked on the shoulder as to protrude into defendant’s lane of traffic; nevertheless his conduct did not maintain the greater duty of care necessary on his part to avoid swerving suddenly into plaintiff’s lane of traffic in which plaintiff was proceeding with due care.
It is to be noted that the District Court found defendant driver primarily negligent in failing to avoid the accident, and that the majority of this court recently denied recovery by reason of his contributory negligence as a proximate cause of the accident to a motorist who like defendant driver here struck a truck parked in his lane of the highway, Suire v. Winters, La.App., 88 So.2d 254. This illustrates to me that there is sufficient question as to whether defendant motorist was “reasonably prudent” as to illustrate without doubt that (even if he was) he did not exercise the greater degree of care required to avoid causing injury to opposing traffic by invading the lane of the highway reserved for such opposing traffic.
While these views are expressed with some hesitation, since in most instances the principle is implicit rather than express, considerable support for the thesis of the relative nature of “proximate cause” and “negligence” is contained in what the writer feels are two landmark contributions to legal thinking recently published in Louisiana, namely: McDonald, “Proximate Cause in Louisiana”, 16 La.Law Rev. 391; Dias, “The Breach Problem and the Duty of Care”, 30 Tulane Law Review 377.
For the above and foregoing reasons, I respectfully differ with the views of my learned and esteemed brethren of the majority.