117 So.2d 279 (1959)
Roger G. PAGE et ux., Plaintiffs-Appellants,
v.
NORTHERN INSURANCE COMPANY OF NEW YORK et al., Defendants-Appellants.
No. 9085.
Court of Appeal of Louisiana, Second Circuit.
December 22, 1959.
Rehearing Denied January 26, 1960.
*280 Gist, Murchison & Gist, Alexandria, for Roger G. and Mrs. Margaret Janell Page, plaintiffs-appellants.
Stafford & Pitts, Alexandria, for Mrs. Louise R. Stinson and Northern Ins. Co. of New York, defendants-appellants.
Downs & Gremillion, Alexandria, for Bert Calhoun and Dave McDermitt, defendants-appellees.
AYRES, Judge.
This is an action in tort wherein plaintiffs, husband and wife, seek to recover damages for personal injuries, loss of earnings and property damage sustained and for medical expenses incurred as the result of a motor vehicle collision occurring at approximately 7:20 p.m., December 6, 1957.
The accident occurred on U. S. Highway 71, about a mile-and-a-half south of Lecompte, Rapides Parish, Louisiana. This is a main-travelled, paved thoroughfare, 24 feet wide, with 12-foot shoulders on both sides, running generally in a north and south course, and straight and level for some distance on either side of the scene of the accident. Atmospheric conditions could be described as unfavorable. Heavy rain prevailed during the afternoon, continuing, however, in a much lesser degree to the time of the accident. The road surface was therefore wet and slippery.
The vehicles involved in the accident were a 1957 Ford station wagon, owned and driven by plaintiff Roger G. Page, accompanied by his wife, Margaret Janell Page, a 1956 model Chevrolet automobile of Mrs. Louise R. Stinson, occupied by her and *281 three companions, and a 1953 model Farmall cotton picker of Dave McDermitt, operated and driven at the time by Bert Calhoun, his employee.
Each vehicle, just prior to the accident, was in its proper traffic lane. The cotton picker was proceeding south at approximately 25 miles per hour, followed and overtaken by the Stinson automobile at a speed of 45 to 50 miles per hour. Plaintiffs' station wagon, at a somewhat lesser speed, was travelling north in its proper lane of travel, meeting the aforesaid vehicles. The Stinson automobile ran into and struck the rear of the cotton-picking machine, whereupon the machine swerved from its course into its left lane and struck the Page station wagon in its northbound traffic lane.
Plaintiffs, in the instant case, made defendants, Mrs. Louise R. Stinson, her public liability insurer, Northern Insurance Company of New York, Dave McDermitt, the owner of the cotton picker, and Bert Calhoun, its driver. In separate actions, Calhoun sought damages for personal injuries sustained by him and McDermitt for the damage sustained to his cotton-picking machine. The defendants in those cases were Mrs. Stinson and her insurer.
From a judgment in favor of plaintiff, Mrs. Margaret Janell Page, against Louise R. Stinson and her insurer, in solido, for the sum of $6,000, but with recognition of the insurer's contractual limit of liability of $5,000; and, from a judgment in favor of plaintiff Roger G. Page for $4,246.71, with recognition of the insurer's policy coverage in the sum of $1,134, the aforesaid defendants appealed suspensively and plaintiffs have appealed devolutively to this court.
In the companion case of Calhoun v. Northern Insurance Company of New York, La.App., 117 So.2d 285, plaintiff was awarded $500, and, from that judgment, the defendants likewise suspensively appealed to this court. Plaintiff neither appealed nor answered the defendants' appeal in that case. The defendants in the McDermitt case appealed to the Supreme Court from a judgment of $7,500 awarded as property damage in McDermitt's favor for the damage done to the cotton picker.
The primary charge of negligence directed against the driver of the Stinson vehicle consists of the driver's failure to make proper observation or to maintain a proper lookout, or to observe the presence of the cotton-picking machine and take necessary precautions to prevent or avoid a collision therewith. Similar charges were directed against Bert Calhoun, with the additional specification that the cotton picker was not equipped with proper lights. Only McDermitt and Calhoun have charged plaintiff Roger G. Page and his wife with contributory negligence. It is self-evident, from the judgments rendered, as aforesaid, that Calhoun was exonerated from any charge of negligence, as was Page from contributory negligence, and the trial court obviously concluded that the proximate cause of the accident was the fault of the driver of the Stinson vehicle.
A determination as to who was the driver of the Stinson vehicle appears appropriate to be first made, although of no material legal significance or importance under the facts of this case. These actions were instituted upon the assumption that Mrs. Stinson was the driver of her vehicle. At the scene of the accident, she so stated to the member of the state highway police investigating the accident, as well as to other persons. In written statements made and signed the same night, both she and her companion, Miss Roberta Clare Cothran, stated Mrs. Stinson was the driver of the vehicle at the time of the accident. Nevertheless, on the trial of the case, both Mrs. Stinson and Miss Cothran testified that a Mr. Massegee was the driver.
The record conveys the impression that these witnesses would have the court believe they were trying to shield Mr. Massegee from a possible charge of operating *282 a motor vehicle without a driver's license when they stated, at the scene of the accident, and later in written statements, that Mrs. Stinson was the driver of the automobile. It would be reasonable to conclude that a change in position on the trial of the case was for the purpose of possibly shielding Mrs. Stinson from personal liability. Nevertheless, Bert Calhoun testified that he saw Mrs. Stinson leave the car from the driver's seat immediately after the accident. The trial court concluded that by a preponderance of evidence Mrs. Stinson was the driver of her automobile. However, were it not so, she nevertheless would be responsible for the negligent acts of one operating her car as her agent.
First, for consideration is the question of negligence, vel non, of Bert Calhoun, against whom the principal charge is made that he drove a cotton picker, a heavy piece of farm machinery, upon a public highway at night, without proper lights, at an extremely slow rate of speed, and without making proper observation of either approaching or oncoming traffic. From the lack of evidence necessary to support the charges, the issue has been narrowed to one of improper lights. This charge is based upon LSA-R.S. 32:296 which requires all vehicles not coming within the provisions of LSA-R.S. 32:293, operated on the public highways, to be equipped with a red rear light visible for a distance of at least 500 feet. In the instant case, the cotton picker was equipped, on the left rear, with a white light visible for a distance exceeding the aforesaid minimum requirement.
A similar factual situation was presented in the case of Johnson v. Lowrey, La.App., 70 So.2d 212, 213, wherein the owner sought to recover damages sustained to a tractor when struck from the rear by a following automobile and the principal fault charged to plaintiff was the operation of a farm tractor upon a public highway at night without proper lights. The tractor was not equipped with a red rear, or tail, light as required by statute, but, as was the cotton picker here, the tractor was equipped with a rear white light slanted downward, visible for at least the minimum statutory distance. There, it was conceded, as indeed it must be in the instant case, that the lighting equipment on the tractor did not comply with the requirements of the statute. Pertinent is an observation made by this court in the aforesaid case wherein it was stated:
"Whether or not this statutory provision was violatedit may be conceded it wasis of no consequence because Traylor under existing circumstances should have observed the tractor and avoided the accident, but did not because he was not maintaining a proper lookout. This factor constituted the efficient intervening cause of the accident and fixes the blame. That the light was white instead of red can only constitute a remote, not a contributory cause and is insufficient to relieve the defendant Traylor of answering for his negligence. See Masaracchia v. Inter-City Express Lines, Inc., La.App. 1935, 162 So. 221; Smith v. Monroe Grocer Co., Ltd., La.App.1938, 179 So. 495; Dowell Inc. v. Bayou State Oil Corp., La.App.1948, 33 So.2d 709; Portier v. Picou, La.App.1941, 3 So.2d 295." (Emphasis supplied.)
We, therefore, conclude, as did the trial court, that it was of no consequence that the light was white instead of red because, under the existing circumstances, as testified by, at least six witnesses, including a member of the state highway police who investigated the accident, the light on the machinery was clearly visible for a distance exceeding 500 feet. Therefore, the conclusion is inescapable that the improper color of the rear light could not possibly constitute a proximate cause of the accident. Therefore, the trial court, in our opinion, correctly and properly absolved Bert Calhoun from any fault or negligence constituting either a proximate or a contributing cause of the accident.
*283 Plaintiffs contend and urge, as to the Stinson vehicle, that LSA-R.S. 32:290 requires that every vehicle operated upon a public highway at night shall have headlights sufficient to render clearly visible any person on the highway for a distance of 200 feet ahead, and cite Locke v. Shreveport Laundries, Inc., 18 La.App. 169, 137 So. 645, wherein it was held that under ordinary circumstances a motorist is under a duty to operate his vehicle in such manner that it can be stopped within the range of vision illuminated by its headlights. Correctness of this rule was recognized in Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412; Louisiana Power & Light Company v. Saia, 188 La. 358, 177 So. 238; Cooper v. Boudreaux, La.App., 80 So.2d 873; Myers v. American Chain & Cable Company, Inc., La.App., 109 So.2d 270.
There are, however, well-known exceptions to the aforesaid rule where, for example, an oncoming motorist's failure to perceive a stationary motor vehicle or other object in his path is excusable when the object is difficult to see or not reasonably to be anticipated due to some event, occurrence, or fact that obstructed his vision, distracted his attention and prevented his seeing the object on the highway. Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377; Gautreaux v. Orgeron, La.App., 1 Cir., 84 So.2d 632; Achord v. Great American Indemnity Co., La.App. 1 Cir., 68 So.2d 643; Buford v. Combs, La.App. 1 Cir., 50 So.2d 469; Suire v. Winters, 233 La. 585, 97 So.2d 404; Vowell v. Manufacturers Cas. Ins. Company, 229 La. 798, 86 So.2d 909; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1; LeBlanc v. Southern Farm Bureau Cas. Ins. Co., La.App. 1 Cir., 104 So.2d 279; Myers v. American Chain & Cable Company, Inc., 109 So.2d 270.
From our appreciation of the facts is established in this record, this case does not come under any of the exceptions to the aforesaid rule that under ordinary circumstances a motorist must operate his vehicle in such a manner that it may be stopped within the range of his vision illuminated by the headlights of his car. Neither do we think it is necessary to apply the general rule in order to determine the proximate cause of the accident involved, for, as stated heretofore, it abundantly appears that the light on the machine was clearly visible for a distance exceeding 500 feet and, indeed, Miss Cothran, a passenger seated on the front seat, testified that she saw the machine when at a distance between one and two city blocks away. The conclusion is, therefore, inescapable that if the driver made the same observation and saw the machine, he either took no evasive action or was unable to do so, because of his speed, to avoid the accident; or, if he made no such observation, then he was not keeping or maintaining a proper lookout and, therefore, in either event, such fault and negligence constituted the proximate cause of the accident.
The decisions of our courts are replete with pronouncements as to the duty of motorists to be constantly observant and that such duty never ceases. It is axiomatic that a driver should at all times be alert, constantly watching road conditions and keeping his vehicle under such control as is commensurate with the circumstances. The frequency of these pronouncements obviates the necessity of citation of the many authorities in which they appear.
We are, therefore, in accord with the conclusion reached by the trial court that the sole and proximate cause of the accident, and of the injuries and damages suffered therein, was the negligence, aforesaid, of the driver of the Stinson vehicle. Nor does the record establish any fault on the part of plaintiffs or that either of them had a last clear chance to avoid the accident. Page was driving in his proper lane of travel at a normal speed when the cotton picker was suddenly knocked and swerved into his lane of traffic only a few feet away, affording him neither time, distance, nor opportunity to avoid the accident. Prior to that instant, he was not forewarned by any fact or circumstances.
*284 There remains, for resolution, the difficult question of quantum of damages which has been placed at issue by plaintiffs' appeal, wherein it is claimed the awards are inadequate and by defendants' appeal wherein certain items are attacked as excessive. There is no contest, however, as to the property damage to the Ford station wagon and to miscellaneous personal property or as to the loss of the use of the vehicle while undergoing repairs, or for the medical and hospital expenses incurred, aggregating $4,106.71. Nor can there be any serious contention made as to Page's right to recover for the loss of wages incurred during a 2-week period as a result of his injuries, in the sum of $150, nor for his right to recover for the loss of wages of Mrs. Page for a period of two months because of the injuries sustained by her in the sum of $490.
There remains, for consideration, plaintiffs' claims for personal injuries. Plaintiff Roger G. Page sustained cuts on the back of his head, a severe blow to his right cheek, and general contusions and abrasions. After arrival at a hospital in Alexandria, he was administered first aid, his head was shaved, the lacerations sutured, and he was given tetanus antitoxin and sedatives for the relief of pain. He was hospitalized for a period of one day, following which he experienced soreness, swelling on the right side of his head for approximately six weeks, and was unable to return to his employment for a period of two weeks. The award of $200 we deem is inadequate and should be increased to $750.
Mrs. Margaret Janell Page, age 21 years, sustained serious and painful injuries. On the night of the accident, she was taken from the scene, a distance of 25 miles, to a hospital in Alexandria, where she remained from December 6 to December 17, 1957. She sustained three broken ribs on the left, one of which was broken twice and healed in an angular position. From the broken ribs and the severity of the blow received in the impact of the collision, she sustained a ruptured spleen, described as a very painful injury, which required its removal by surgery on the morning following her admission to the hospital. This left a scar approximately seven inches long on her left upper abdomen. Her scalp was lacerated, requiring shaving and suturing. She also sustained multiple, painful contusions and abrasions, and, for several weeks following the accident, she continually found and removed tiny slivers of glass from her skin. A severe blow to her chest caused swelling which persisted for several weeks. During her confinement in the hospital, she was given many infusions of food and, to counteract infection and nausea, and to relieve pain, many shots of drugs.
After release from the hospital, Mrs. Page was returned to her home in Baton Rouge under the care of her family physician, whose treatments continued through March 22, 1958. She has apparently no permanent disability or residual effects from the injuries sustained except the loss of her spleen. From the location of the scars on her head and the scar from the surgery performed, they are not to any great extent disfiguring, although plaintiff is conscious of their presence.
While there is no definite and precise rule for awarding damages in personal injury cases, and while each case must necessarily be considered on the facts as established in that particular instance, the purpose of an award is to compensate the injured party for the damage done. After giving due consideration to the extent, duration and painful nature of plaintiff's injuries, as well as the pain and suffering experienced in their treatment, especially the surgery for the removal of one of her organs, attendant with the suffering and discomfort usually associated with or following such an operation, and the loss of the organ itself, the award of $6,000 for the personal injuries sustained by Mrs. Page appears inadequate and should be increased to $10,000.
*285 Accordingly, for the aforesaid reasons, the judgment appealed is amended by increasing the award to Roger G. Page to $5,496.71, and the award in favor of plaintiff, Mrs. Margaret Janell Page, to $10,000, and, as thus amended the judgment appealed is affirmed at the cost of the defendants-appellants.
Amended and affirmed.