**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Joseph J. CANZONERI, Appellee.**

**No. 18989.**

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1961.

F. Carter Johnson, Jr., of Porteous & Johnson, New Orleans, La., for appellant.

Robert J. Mack, Joseph A. Sims, of Sims & Mack, Hammond, La., for appellee.

Before RIVES, CAMERON and BELL, Circuit Judges.

BELL, Circuit Judge.

This appeal is from a judgment entered on a jury verdict for appellee, husband of Mrs. Antonia Canzoneri and father of Gaetano J. Canzoneri who were killed while riding as guest passengers in the pickup truck of Tony Vilardo when it collided with a Chevrolet automobile driven by Thomas J. Hagan, also killed, on June 8, 1958 at approximately 3:15 o'clock A.M. on U. S. Highway 51 between Independence and Hammond, Louisiana.

Suits for damages on account of the deaths of the wife and son filed by appellee were consolidated for trial and judgment. The truck was being driven by Tony Vilardo in a southerly direction. His wife, a niece of appellee, was also a passenger in the truck.

Appellant, insurer of Vilardo, sued under the Louisiana Direct Action against Insurors Statute, LSA–R.S., Title 22, § 655, contended that the vehicle of Hagan was proceeding on the highway in a northerly direction, and that the head-on collision in the lane properly occupied by the Vilardo truck resulted solely from the negligence of Hagan. It was the position of appellee, inter alia, that Vilardo negligently failed

to observe the Hagan vehicle. The case turns on this point.

Vilardo and his wife both testified. They were the sole survivors of the accident and the only eye witnesses. Mr. Vilardo stated, and this accorded with a statement given to the state police on the day following the accident, that he did not see the other vehicle. He did not know where it came from, whether it was parked on the side of the road, or came off a side road, or was coming down the road and crossed over into the lane occupied by his vehicle. His lights were on and he was looking ahead. He did not remember applying his brakes. He could not say whether the Hagan vehicle was moving or stationary. Mrs. Vilardo testified that she did not see the other vehicle—did not see anything although she was looking ahead down the highway. Both she and her husband testified that their truck was in the proper lane.

A state police officer who came to the scene testified that he could see as far as seven hundred feet ahead on the way to the scene. Another witness testified that he approached the wrecked vehicles a few minutes after the accident and was able to stop his vehicle short of the scene. The heavy damage was to the right front of each vehicle. The highway was straight for a long distance both to the north and south.

The negligence attributable to the insured was his failure to keep a proper lookout and thereby observe the Hagan vehicle. Under the Louisiana law a motorist is held to have seen an object, which by the use of ordinary care and prudence, he should have seen in time to avoid running into it. Geoghegan v. Greyhound Corporation, La.Sup. Ct., 1954, 226 La. 405, 76 So.2d 412; Louisiana Power & Light Co. v. Saia, La.Sup.Ct., 1937, 188 La. 358, 177 So. 238. There are exceptions to the rule such as when the object is difficult to see, or not reasonably to be anticipated or where the vision of driver is impaired suddenly or without warning, Page v. Northern Insurance Company of New York, La.Ct. of App., 1959, 117 So.2d 279; Great American Indemnity Co. v. Cormier, 5 Cir., 1951, 187 F.2d 107, but the facts here do not warrant application of an exception, for Vilardo saw nothing whatsoever.

We cannot say as a matter of law that he was not negligent or that his negligence was not a proximate cause of the accident. There being sufficient evidence to make a jury question, the jury having resolved the issue against appellant, their verdict having the approval of the trial court, Greyhound Corporation v. Dewey, 5 Cir., 1957, 240 F.2d 899, the judgment is

Affirmed.