SAVOY, Judge.
This is an action for damages by Ciayus Broussard, hereinafter referred to as plaintiff, against Gillen Oilfield Service, Inc., and American Insurance Company of Newark, New Jersey, hereinafter referred to as defendants. Plaintiff seeks to recover damages for the wrongful death of his son, Uhry Broussard, which death resulted from a collision between a 1955 Chevrolet sedan, being driven by the deceased, and a 1954 International truck with trailer attached, owned by Gillen Oilfield Service, Inc., and operated by its employee, Robert K. Powell.
The case was tried before a jury and it rendered a verdict in favor of plaintiff, awarding him damages in the sum of $7,-500. A judgment was duly signed by the district judge in accordance with the verdict of the jury. Defendants have appealed to this Court from the verdict of the jury and the judgment of the trial court.
The evidence disclosed that the accident occurred on U. S. Highway 90, between Crowley and Rayne, Louisiana, at a point *588 approximately 1.7 miles wes.t of the Town of Rayne at a point where the highway runs east and west and is straight for a considerable distance. The accident occurred at approximately eight-thirty p. m. on October 7, 1959. The weather at the time of the accident was clear, and visibility was good; there had been no rain. The paved highway at the point of the accident is 24 feet wide with shoulders on each side of the highway at the point where the accident occurred of approximately six feet.
The deceased was driving in a westerly direction when he struck the defendants’ truck which was in the north lane of traffic. The record reveals that there were five vehicles congregated in the immediate vicinity of the point where the accident occurred. Shortly before the accident occurred, Deward Comeaux was driving a 1958 Chevrolet car on U. S. Highway 90 in an easterly direction toward Rayne, ¡Louisiana. He ran off of Highway 90 on his right side into a ditch along the edge of the highway, and the front portion of his car was in the ditch. Comeaux then went to Rayne where he saw his two cousins, Wilbert and Wilton Chiasson, and asked them to pull him out of the ditch. The brothers came back with Comeaux in a Plymouth station wagon and attempted to remove Comeaux’s car from the ditch without success. The Plymouth station wagon was then parked a slight distance east of where the Comeaux car was in the ditch, said station wagon facing east with the headlights on and remaining in that position until after the accident occurred.
A short while thereafter, Edward A. Tyson approached the scene where the Comeaux automobile was in the ditch. Mr. Tyson was driving a pickup truck. He stopped and agreed to help Comeaux remove the car from the ditch, but was unsuccessful in^his attempt. Pie then backed his truck and parked it in the rear of the Plymouth station wagon, its headlights remaining on until after the accident occurred.
Thereafter an oilfield truck referred to as a “bobtail truck” driven by Lennis Cre-deur approached the place where the cars were congregated and came to a stop and was asked by someone in the party to pull the car out of the ditch. Credeur agreed tó do so and proceeded to pull the car toward the highway, and in doing so, backed onto U. S. Highway 90 so that his truck was on the highway in the south lane. The headlights were burning on the Comeaux automobile and on the bobtail truck, and these lights all remained on until the accident occurred. In addition to the headlights on the bobtail truck, there was a signal indicator, which is a large red light, on top of the bobtail truck. This blinker light continually blinked on and off, and could be seen from either the front or the back. There was no obstruction .to prevent its being seen from the highway in the direction of Rayne.
Shortly thereafter, Robert Powell, an employee of Gillen Oilfield Service, Inc., one of the defendants herein, was driving an International three-ton truck with trailer attached, which was carrying another trailer on the trailer of his truck, in an easterly direction on U. S. Highway 90, and was attempting to pass the bobtail truck when Joseph Credeur, the other occupant of the bobtail .truck, asked him if he would back his truck up to the south side of the highway so as to shine his lights on the' other units. Powell testified that he looked to the front and to the rear and saw nothing approaching and therefore began to back his unit as requested. He testified further that he was backing up at a slow rate of speed because of the size of the truck and the load thereon. As he started this backing movement, he saw for the first time the automobile driven by the deceased approaching from the east and coming directly toward him. Powell testified that when he saw the Broussard car approaching, he began blinking his lights so as to warn the oncoming car of his presence. In addition to blinking his lights, he continued to back in an attempt to get *589 in the south lane of traffic. The Brous-sard car continued to come down the highway and crashed head on into the International truck. The impact was so violent that the Broussard car was completely demolished and considerable damage was done to the International truck and trailer.
The evidence disclosed that at the time of the accident the deceased was driving at approximately 60 miles per hour and that he did not attempt to slow down prior to the collision.
There are two questions to be determined by this Court:
(1) Was Robert Powell, driver of the Gillen truck negligent in having the truck and trailer in the wrong lane of traffic?
(2) If the answer to the first question is in the affirmative, was the deceased con-tributorily negligent so as to bar recovery by the plaintiff in this case ?
This Court is of the opinion that Robert Powell was negligent in having the truck and trailer in the wrong lane of traffic and in attempting to back the truck and trailer as he did on this occasion.
This Court will next consider whether the deceased was contributorily negligent so as to bar plaintiff from recovering in this case.
In the case of Demerest v. Travelers Insurance Company et al., 234 La. 1048, 102 So.2d 451, 454, the Supreme Court said:
“Contributory negligence is a special defense, and the defendant carries the burden of establishing it by a preponderance of the evidence. Schick v. Jenevein, 145 La. 333, 82 So. 360; Mequet v. Algiers Manufacturing Company, Ltd., 147 La. 364, 84 So. 904; Burns v. Evans Cooperage Company, Inc., 208 La. 406, 411, 23 So.2d 165 and Savoie v. Dupuy, 218 La. 717, 50 So.2d 817. In our opinion these defendants have not discharged such burden.”
The general rule of law in the case at bar is found in the case of Myers v. American Chain and Cable Company, Inc., et al., La.App., 109 So.2d 270, 273, which rule is stated thusly:
“Under the general rule plaintiff would be guilty of contributory negligence as he was not able to stop within the range of his headlights, Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412; Louisiana Power and Light Company v. Saia, 188 La. 358, 177 So. 238; Cooper v. Boudreaux, La.App., First Circuit, 80 So.2d 873, unless this case falls under the exception to this doctrine, where an oncoming motorist’s failure to perceive stationary motor vehicle in its path is excusable when the object is difficult to see or not reasonably to be anticipated due to some event, occurrence, or fact that obstructed his vision, detracted his attention, or prevented his seeing the object on the highway. Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Gautreaux v. Orgeron, La.App. 1 Cir., 84 So.2d 632; Achord v. Great American Indemnity Co., La.App. 1 Cir., 68 So.2d 643; Buford v. Combs, La.App. 1 Cir., 50 So.2d 469; Suire v. Winters, 233 La. 585, 97 So. 2d 404; Vowell v. Manufacturers Cas. Ins. Company, 229 La. 798, 86 So.2d 909; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1; LeBlanc v. Southern Farm Bureau Casualty Ins. Co., La.App., 104 So.2d 279. In the Suire case the Supreme Court of Louisiana restated the general rule in determining whether a motorist is con-tributorily negligent as follows (233 La. 585, 97 So.2d 406) :
“ ‘In determining whether the plaintiff was contributorily negligent in failing to observe a stationary vehicle obstructing the highway ahead, no hard and fast rule can be laid down, but the surrounding circumstances and facts bearing on this particular case necessarily must be considered. The duty *590 to use .reasonable care for the safety of others places the operator of the motor vehicle under continuing duty to keep the proper lookout for other vehicles which may be properly parked along the road as required by statute or dictated prudence. However, although it is the duty of a motorist to have his car under such control that he can bring his vehicle to a stop within his range of vision, the standard the law gives us to apply is that to be exercised by reasonably prudent motorists under a given set of facts and circumstances then prevailing and not that exercised by imaginary ideal motorists.’ ”
Applying the rule of law set forth in the Myers case, supra, to the facts of this case, it is the opinion of this Court that the defendants have discharged the burden required of them and that their plea of contributory negligence in this case is a good and valid one. The uncontradicted evidence shows that there were five cars at the immediate scene of the accident, all with headlights burning, that in addition thereto the bobtail truck had a large red signal indicator on its top which was continually blinking on and off, and that the driver of the Gillen truck, Robert Powell, continuously blinked his lights from the time that he first saw the deceased until the collision occurred.
It is the further opinion of this Court that the deceased, had he acted as a prudent person, could and should have seen the Gillen truck in time to avoid the accident and that if he did not see the truck in time to avoid the accident, that he was negligent in not keeping a proper lookout for same and that the failure to do so was a proximate cause of the accident herein.
In his brief counsel for plaintiff contends that the verdict of the jury should not be disturbed in view of the holding of this Court in the case of Simon v. Texas and New Orleans Railroad Company, 124 So. 2d 646. However, an examination of the Simon case, supra, .reveals that there was conflicting testimony, and the court found that the testimony of the witnesses was sufficient to sustain such a verdict, whereas in the case at bar, there is no conflict in the testimony.
For the reasons assigned, the verdict of the jury and the judgment of the lower court is reversed and judgment is hereby rendered in favor of defendants, Gillen Oilfield Service, Inc., and American Insurance Company of Newark, New Jersey, and against plaintiff, Clayus Broussard, rejecting his demands and dismissing his suit at his costs.
Reversed and rendered.