276 So.2d 893 (1973)
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY et al.
v.
Charlie GAY.
Charlie GAY
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.
Nos. 9296, 9297.
Court of Appeal of Louisiana, First Circuit.
April 9, 1973.
*894 Robert J. Vandaworker (Taylor, Porter, Brooks & Phillips), Baton Rouge, for plaintiff-appellant Southern Farm Bureau in No. 9296 and defendant-appellant Southern Farm Bureau in No. 9297.
L. Michael Cooper (Durrett, Hardin, Hunter, Dameron & Fritchie), Baton Rouge, for defendant-appellee Gay in No. 9296.
Joshua Tilton, Baton Rouge, for plaintiff-appellee Gay in No. 9297.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge ad hoc.
This appeal relates to two consolidated cases arising from a collision between a milk truck and a dairy herd.
Southern Farm Bureau Casualty Insurance Company, the collision and liability insurer of the milk truck, brought a subrogation action against the owner of the cows, Charlie Gay. The owner of the milk truck, L and M Dairy Farmers Association, sued in the same action for the deductible amount.
In the other suit, Charlie Gay sued Southern Farm in a direct action for his damages alleged to have been sustained as a result of the accident.
After hearing the consolidated cases on their merits, the trial court dismissed the suit of Southern Farm Bureau Casualty Insurance Company and L and M Dairy Farmers Association while awarding damages to Charlie Gay in the amount of $3,197.70.
The accident occurred on April 28, 1971 shortly after twelve o'clock noon on Louisiana Highway 1057, which the evidence establishes is a two lane blacktop highway running east and west at the scene of the accident in rural Tangipahoa Parish. The cattle herd, approximately 65 in number, was being moved from a pasture on the south side of the highway to a pasture on the north side of the highway. The evidence established that there were signs present on the date of the accident in close proximity to the scene which had been erected by the State of Louisiana indicating that the area was a "cattle crossing".
The evidence also established that the weather was clear, the road was dry, and the visibility was good at the time of the accident. The vehicle owned by L and M and insured by Southern Farm was a 1969 Mack truck-tractor and trailer which was being driven by an employee of L and M, one Donnie E. Smith, who the evidence reflected to be a resident of the area. Smith testified he was well familiar with the Gay property and the dairy operations.
The trial judge found that the accident and the resulting damages were caused by the negligence of Smith, the driver of the truck. The trial court was impressed apparently by the fact that the tractor-trailer was hauling almost fifty thousand pounds of milk; that the driver was familiar with the vicinity of the accident; that he had stopped on the road because of this particular cattle crossing on previous occasions; that the cattle crossing signs were present; that the driver, by his own testimony, was going about fifty-five miles an hour; and that he either failed to stop or *895 was unable to stop in time to avoid hitting the cows. The trial court further found no negligence on the part of Charlie Gay, the owner of the cows, or his minor son who was moving the cattle across the road.
With these findings of the trial court we find ourselves in complete agreement after a careful review of the record. A motorist is held to see an object which by the use of ordinary care and observation he should have seen in time to avoid running into it. Geoghegan v. Greyhound Corporation, 226 La. 405, 76 So.2d 412 (1954). This rule was applied by the Louisiana Supreme Court in the Geoghegan case (Id.) on a dark, rainy night to a bus which killed cows in the road and it would follow, a fortiori, that a truck driver must keep a sufficient lookout as to see a herd of 65 cows in the road on a clear day at high noon and to avoid hitting them. There was no unexpected hazard in the road but a situation which might well have been anticipated by Smith, the driver of the milk truck. There were no unusual circumstances of the weather or other conditions which would excuse his failure to see the cows and to slow down or stop in order to avoid them.
A contention has been made by resourceful counsel for Southern Farm and L and M that a curve in the road prevented the driver from seeing the herd. We do not find this contention to be substantiated by the record and the exhibits.
No contention is made by the owner and insurer of the truck that the cattle were on the highway in violation of a stock law. See Wortham v. Owens, 200 So.2d 781 (La.App. 3 Cir. 1967). The driver of the truck traversing an area clearly marked as a cattle crossing owed, in our opinion, a duty at least of reasonable care and observation of the road ahead to the owner of the cattle. By the use of reasonable care, we are convinced, the driver of the milk truck could have avoided striking the cattle.
The trial court found that Charlie Gay had been damaged in the amount of $3,197.70 as a result of the herd being struck and the consequent death of six cows and injuries to others. We find no error in the calculation of damages by the trial court or in the fixing of an expert witness fee.
Therefore, the judgment of the trial court is affirmed and all costs, including the cost of appeal, are taxed against Southern Farm Bureau Casualty Insurance Company and L and M Dairy Farmers Association.
Affirmed.