LOTTINGER, Judge.
This is a suit for damages to property resulting from an automobile accident. The defendant reconvened asking for property damages, and the Court below dismissed both the main and the reconven-tional demand. The petitioner has taken this appeal.
The accident occurred during the early morning hours of April 29, 1951, in the Parish of Assumption. Plaintiff alleges that he was proceeding northerly on Louisiana Highway No. 29 in the direction of Napoleonville at a speed of about 15 miles per hour, when he was suddenly struck from the rear.by the automobile operated by the defendant. The defendant, on the other hand, admits striking the petitioner’s car, but alleges that the sole cause of the collision was the negligence of petitioner. To substantiate his position, the defendant alleges that the petitioner was stopped in the right hand lane of traffic, and that no taillight was burning on his car.
The testimony of petitioner’s and defendant’s witnesses is in direct conflict. Petitioner’s witnesses were all of the opinion that defendant was driving about 40 miles per hour. They stated that all the lights on the rear of petitioner’s car were burning at the time of the accident, and that petitioner’s car was proceeding at about 15 miles per hour at the time of the accident. The defendant’s witnesses, on the contrary, testified that there was no taillight on the petitioner’s car, and that the petitioner was stopped in the right hand lane. The de *874 fendant testified that he saw the petitioner’s car at a distance of about 40 feet, that he applied his brakes and tried to go around it, but was unable to avoid the accident. According to defendant’s witnesses no car was approaching in the opposite lane of traffic, however, all of petitioner’s witnesses testified that a car was approaching.
The Lower Court dismissed both the main demand and the reconventional demand. While we are not favored by a written opinion from the Court below, in order to reach the decision made, the Court must have found that either none of the parties were negligent, or that both parties were guilty of contributory negligence. The appeal of petitioner was answered by defendant, however, they merely pray for affirmance, and have, therefore, seen fit to drop their reconventional demand.
The record shows that, on the night of the accident, there was fog on the highway and that it was in spots or “pockets,” as alleged by the defendant. Defendant testified that he was proceeding at about 40 miles per hour when he entered the fog pocket. He slowed down as he entered it and was only able to discern the petitioner’s car when it was only 40 feet away. He immediately applied his brakes and turned to the left in an attempt to avoid the accident, but it was impossible to do so. He stated further that Cooper’s car was at a standstill on the road in the right traffic lane and that he saw no lights burning. All of the witnesses agreed to the fact that petitioner’s car was struck on its left rear, which corroborates defendant’s testimony that he tried to avoid the collision by applying his brakes and turning to the left.
The petitioner’s witnesses, while all agreeing that a car was approaching from the opposite direction, disagreed to a great extent as to the distance of the approaching car at the time of the accident. These distances, as testified by petitioner’s witnesses, varied from 25 feet to 400 feet. Furthermore, one of petitioner’s witnesses, Spurgeon Holley, at one time testified that he was 1,000 feet away at the time of the impact, and at another time reduced this distance to only 60 feet.
It is our opinion that the Lower Court must have based its finding on the negligence of both parties. While we are now only assuming, it appears that the Court must have decided that petitioner’s car was stopped in the highway and had no taillight burning at the time of the accident. We believe that both of these facts were substantiated by the evidence. All of defendant’s witnesses were positive that the petitioner’s car was stopped at the time of the accident, and that it had no taillight burning. Although petitioner’s witnesses testified that the taillights were burning, and that his car was proceeding at a speed of some 15 miles per hour at the time of the accident, there was such a conflict in their testimony as to merit some question of credibility.
The rule of this state is to the effect that judgments rendered by the trial Courts which are based upon fact will not be disturbed except for apparent, or obvious, error. In the instant case, as well as in the vast majority of automobile accident cases, the decisions rest mainly upon factual situations. While the parties are personally present in Court with their witnesses for the trial of the suit, the Appellate Courts must review the case merely upon written documents. We do not, therefore, have the parties personally present, with their witnesses, so that we might appraise the appearance and demeanor of the witnesses upon examination and cross-examination. The Lower Courts are in a much more favorable position to adjudge the credibility of the witnesses before it. As we are unable to find any obvious error in the judgment below, the said judgment will be affirmed.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by the petitioner.
Judgment affirmed.