HARDY, Judge.
This is a suit by plaintiff seeking the annulment, on the grounds of fraud, of a mineral deed executed to the defendant, L. F. Kerksieck. Plaintiffs further pray for the annulment of a mineral deed from Kerksieck to the defendants, T. L. Guice and R. L. Coleman, conveying an interest in the same minerals. From a judgment in favor of defendants rejecting their demands the plaintiffs have appealed.
Plaintiffs, the widow and the children and sole heirs of George T. West, deceased, as owners of a hundred acre tract of land located in Claiborne Parish, and particularly described in their petition, executed an act of conveyance dated April 30, 1956, in favor of L. F. Kerksieck by which they conveyed 15/100ths of the oil, gas and other minerals in and under the said described tract of land. The sale was made for the consideration of $1,500 cash, and the act of conveyance, after describing the property, particularly declared the intention of the vendors to convey 15 mineral acres in and under the said described tract of land.
The facts involved were established on trial without substantial conflict except as to one material point, to which attention will be directed hereafter. During the lifetime of George W. West, Sr., in or about the year 1919, shallow production was obtained from the property involved in this suit, and royalty therefrom was paid to George W. West, Sr., during his lifetime and thereafter to his widow and heirs. Sometime during the latter part of April, 1956, the defendant, Guice, entered into negotiation with certain of the plaintiffs, particularly George W. West, Jr., who seems to have been the principal actor in these and subsequent negotiations on behalf of himself and his co-owners, seeking to purchase a mineral interest in the deep rights under plaintiffs’ property; shortly thereafter the defendant, Coleman, made an offer to defendants to purchase 15 mineral acres in their property for a consideration of $100 per acre; after receiving the Coleman offer the plaintiff, George W. West, Jr., called the defendant, Guice, and terminated their negotiations; Coleman and the defendant, Kerksieck, again called on plaintiffs at their home near Magnolia, Arkansas, and renewed their offer; upon acceptance of this offer by plaintiffs Coleman prepared a mineral deed covering a 15/100ths interest to the minerals in and under the described property, and, at the request of the plaintiffs, inserted the paragraph specifying the intention of the vendors to convey 15 mineral acres. Contemporaneously with the preparation of the deed, which was dated April 30, 1956, Coleman delivered to plaintiffs a check, also dated April 30, 1956, in the sum of $1,285.72, payable to all of plaintiffs with the exception of Odie West, payment to whom was made by a separate draft to his order in the sum of $214.28. For reasons of convenience to the purchasers the mineral deed was made in favor of defendant, Kerksieck. The original and a copy of the deed were left with the plaintiff, George W. West, Jr., at which time the deed was signed by Missouri West and the four children then present. A neighbor of plaintiffs, one C. C. Mc-Elroy, accompanied by Aimer and Pearl West, then drove to Dallas where they procured the signature of Odie West to the original deed and returned to plaintiff’s home. After having been signed by all the plaintiffs the deed was delivered to defendants, Kerksieck and Coleman, who thereupon cashed the check originally given to plaintiffs.
By act of conveyance dated May 2, 1956, the defendant, Kerksieck, sold and conveyed to the defendants, Guice and Coleman, 10 mineral acres out of the 15 acre interest covered by the deed from plaintiffs.
As the basis for this action, and in support of the charges of fraud, plaintiffs al *215 leged and testified that they had executed the mineral deed here in contest with the intention and purpose of conveying only 'the minerals below the then producing horizon, and that defendants represented, in (connection with their negotiations in the ■.confection and execution thereof, that the ■deed would have no effect upon the con'tinued receipt of royalties by plaintiffs from the shallow production then existing. The -testimony of plaintiffs supported this contention but the defendants, as positively, ■denied any such representations or assur.-ances. This is the squarely controverted issue of fact which must be resolved.
Fortunately, there are two additional ■factual issues which bear directly upon the .resolution of the question presented. At ■.the time the defendant, Guice, entered into ■negotiations, which concededly were restricted to the proposed purchase of mineral -interests in the deep rights, he delivered to -plaintiffs, at their request, a copy of a min-eral deed executed by George W. West, Sr., under date of July 8, 1943, in favor of one F. H. Lindsey, conveying a 3,/20ths min•eral interest in the property, in which sale West, Sr., had reserved the minerals in and ■above the then producing horizon, which reservation was set forth in the following ■words:
“Vendor reserves all oil, gas and other minerals in and above the presently producing horizons on the above described lands.”
The second significant fact is that plain-tiffs were left in possession of both the •original and a copy of the deed to defend.ants. The plaintiff, George W. West, Jr., testified that he took the copy of the deed to Mr. A. R. Cheatham, an attorney at law ■of Magnolia, who apparently represented plaintiffs. The witness testified that the attorney told him he was selling IS mineral .acres. When the original deed was brought iback from Dallas it was taken to Mr. Cheat-ham, who signed, as notary, the affidavit of C. C. McElroy as the attesting witness to the signatures of all the plaintiffs.
We regard the last above related factual circumstances as conclusive refutation of plaintiffs’ contentions. It would be thoroughly unreasonable to consider that these plaintiffs, having in their possession a copy of a mineral deed specifically effecting the reservation for which they contend, and having in their possession and under their control for a period of time both the original and the copy of the deed which they here seek to annul, were laboring under any misunderstanding as to the effect of the sale represented by the mineral deed to the defendant, Kerksieck. It is further pertinent to observe, and we think significant, that plaintiff’s attorney, Cheatham, was not called as a witness, for, certainly, his testimony in connection with plaintiffs’ representations would have been of value and weight on one side or the other.
The degree of evidence required of those who make the charge of fraud is exceptionally onerous, must be completely convincing and stronger than a mere preponderance, for fraud is a most serious charge and its existence is never presumed. Sanders v. Sanders, 222 La. 233, 62 So.2d 284; Buxton v. McKendrick, 223 La. 62, 64 So.2d 844.
Plaintiffs have failed to support their charge of fraud by that character, strength and certainty of proof which is required. There is no evidence in the instant case of any degree of pressure or undue influence, and to hold that plaintiffs were victimized by misrepresentations on the part of defendants would be completely unjustified.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.