W. W. THOMPSON, Judge.
Plaintiff brought this action seeking reformation of a certain authentic act of sale involving a house and lot situated in the Parish of Orleans. In the alternative, plaintiff prayed for judgment against defendant in the amount of $637.56, which sum allegedly represents the cost of certain repairs and alterations performed on the house in question. From a judgment of *468 the trial court dismissing: both demands, plaintiff takes this appeal.
Plaintiff bases both demands upon certain acts of fraud and misrepresentations allegedly perpetrated by defendant.
Plaintiff testified that he became acquainted with defendant, Mrs. Louella Morgan, in 1929. Mrs. Morgan’s husband had been killed in the war, and plaintiff’s wife had abandoned him. According to plaintiff, he and Mrs. Morgan began living together as “common law” husband and wife. Sometime prior to 1946, plaintiff and defendant moved into the house in question, renting the premises from the owner, Mr. Plerbert Harding. At this time, plaintiff was gainfully employed, and allegedly supported Mrs. Morgan. In 1946, plaintiff and defendant entered into a verbal agreement whereby they would pool their financial resources to purchase the house and lot from Mr. Harding jointly. It was plaintiff’s testimony that he and defendant each contributed $600.00 as down payment on the purchase price of the property, and that they secured a loan from the Algiers Homestead Association by sale and resale of the property to satisfy the balance of $1,900.00 due on the purchase price of $3,100.00.
Plaintiff testified that he was present at the execution of the sale of the property by the Homestead Association and that he was of the belief that he and Mrs. Morgan were named as joint vendees in the act of sale. In reliance upon this belief, plaintiff allegedly made several monthly payments to the Homestead Association in the amount of $19.00 per month on the loan that he and defendant had obtained. However, plaintiff later learned that the sale had been made to Mrs. Morgan alone, and that he had no interest in the property. According to plaintiff, Mrs. Morgan explained this fact by stating that the Notary Public who executed the sale had informed her that only one party could be named in the act as vendee, and she said that she had merely told the Notary to enter her name as the sole vendee. Although Mrs. Morgan promised to have the act of sale reformed to show plaintiff as a joint owner of the property, it was plaintiff’s testimony that she consistently refused to appear before the Notary to have the deed corrected.
Plaintiff further alleges that due to the fraud and misrepresentations made by defendant as to their joint ownership of the property, he used his own money to make certain repairs and alterations to the house situated on the property.
He contended that he would not have expended these funds had he known that he had no interest in the property. In support of this contention, he introduced several cash receipts showing the purchase of building materials and labor, allegedly paid by plaintiff.
In general, plaintiff alleges that due to his inability to read and write, and due to his lack of formal education, defendant took advantage of him by means of fraud and misrepresentations as to his joint ownership of the property. He contends that such fraud entitles him to reformation of the act of sale so that he will be included as a joint vendee, and, in the alternative, that he is entitled to reimbursement of monies he spent on repairs to the property that he would not have expended had he known that he was not a joint owner.
Defendant, however, denied the existence of any agreement between the parties to purchase the property jointly. She answered with indignance the allegation that she had lived with plaintiff as his “common law wife”. She testified that plaintiff was merely a rent paying tenant, along with several other tenants, and that on one occasion, he was even ejected from the premises for failure to pay the rent. She also denied that plaintiff had ever made any contributions toward the purchase price of the property or that he expended any of his own money to make repairs or alterations to the house. She admitted that she and plaintiff had maintained a joint bank account, but explained that the money de *469 posited in the account was hers, and that the only reason she had permitted plaintiff to draw from this account was to enable him to manage some of her business affairs ■during working hours when she was not •able to go to the bank herself. Defendant showed that, in addition to wages received from her regular employment, she received ■other income which would have been more than sufficient to meet the required purchase price of the property. Defendant also denied that plaintiff was present at the execution of the sale, and strenuously objected to any implication that she had led plaintiff to believe that he had any interest in the ownership of the property.
The issue before the Court below was primarily a factual one, and the learned trial judge resolved that issue in favor of defendant. We find no error in that judgment.
Other than his own testimony, plaintiff ■offered no evidence substantiating his claim that the property in question was purchased in accordance with an agreement that both parties were to be joint owners. Nor was there any evidence corroborating plaintiff’s testimony that he used his own money to supply part of the down payment or pay the monthly notes due on the purchase price. Admittedly, plaintiff did introduce an account ledger showing that he was permitted to sign drafts on a bank account held jointly by himself and defendant. But the trial court was evidently of the opinion that defendant adequately refuted this testimony by showing that she had merely permitted plaintiff to draw on this account so that he could manage her business affairs when she was unable to tend to them herself. The only other evidence tending to give weight to plaintiff’s allegation that he did use his own funds to make payments on the purchase price and to make repairs to the property was the testimony of the vendor of the property and another gentleman who claimed he had made certain repairs. Both of these witnesses testified that plaintiff had given them money on occasions, but they admitted that they did not know whether these were plaintiff’s or defendant’s funds. As to plaintiff’s allegations that defendant had lived with him as his "common law wife”, he admitted on cross examination that he had in fact been ejected from the premises for failure to pay rent to defendant.
In order for plaintiff to recover on either demand, it was required that he establish facts as alleged in his petition concerning defendant’s acts of fraud and misrepresentations by more than a preponderance of the evidence. He was required to establish these facts by evidence completely convincing and stronger than a mere preponderance. Since fraud is a most serious charge and its existence is never presumed, the degree of evidence required of those who make the charge of fraud is exceptionally onerous, and evidence of that charge must be completely convincing and stronger than a preponderance. West v. Kerksieck, La.App.2nd Cir., 104 So.2d 213.
As stated above, the facts upon which plaintiff relies to establish the charge of fraud against defendant were resolved against him by the learned District Judge who saw and heard the witnesses testify. We think he was in a better position to arrive at a correct conclusion of the truth than is this court, having only the record before us.
Other than to present his view of what the proof shows, plaintiff, neither in his brief nor in oral argument, attempted to point out to us any errors committed by the able District Judge. It is the long established rule in Louisiana, that on appeal, judgments rendered by the trial court will not be disturbed except for apparent or obvious error. Cooper v. Boudreaux, La.App. 1st Cir., 80 So.2d 873.
As stated in Hanton v. New Orleans & C. R., Light & Power Co., 124 La. 562, 50 So. 544:
“The burden rests on an appellant to show, to the satisfaction of this court, *470 that the judgment of which he complains is erroneous. But, after a second, careful, and deliberate study of the evidence upon which the judgment here complained is predicated, we feel no assurance that such is the case, or that any judgment we could render would come nearer doing justice between the parties”.
Such is our feeling in the present case. Not only has plaintiff failed to point out to us any manifest error committed by the trial court, but our own independent examination of the record has failed to disclose any such error. We believe that the judgment of the District Court is eminently correct, and that it does justice between the parties. It is, accordingly affirmed. Plaintiff to pay the costs of both courts.
Affirmed.