LOTTINGER, Judge.
The question of liability in this matter has been passed on in our decision handed down this day in the case of Roe v. Davis et al., 132 So.2d 652. There remains the matter of quantum.
Dr. A. B. Holden saw the Davis children and their mother in the emergency room of the Baton Rouge General Hospital on the day of the accident. Young Alex Davis complained of abdominal pain and pain in the left flank region. He had no external evidence of trauma. There were numerous red cells in the urine, which the doctor attributed to a probable bruise of the left kidney. The child was kept in the hospital for three days under observation and then sent home for about a week of bed rest. His pain was described as moderate and there was no residual disability.
Robert Ray Davis suffered a cut on the tongue described by the doctor as approximately one-half inch in length and while fairly deep, not enough so to have pierced the tongue. There was a very slight amount of bleeding. No sutures were taken but a liquid diet was prescribed for three or four days. Apparently the tongue healed without complications.
As stated in the companion case, the trial judge awarded $100 on behalf of Robert (Bobby) Ray Davis and $300 on behalf of Alex Samuel Davis. We think these awards a bit low and that the ends of justice would be served better by in *244 creasing the awards on behalf of the minors to the sums of $250 and $500 respectively.
For the reasons assigned, the judgment appealed from is amended so as to increase the award to Mose Davis for and on behalf of and for the use and benefit of his minor children to the sum of $250 for Robert (Bobby) Davis and $500 for Alex Samuel Davis.
Judgment amended and affirmed.