LOTTINGER, Judge.
This is an action in tort arising out of a head-on collision which occurred on September 28, 1958, on the Pride-Port Hudson road in the Parish of East Baton Rouge wherein the plaintiff, Allen Roe, Sr., seeks damages individually for medical expenses in treating his minor son in the amount of $559 and as the administrator of his minor *653 son’s estate in the amount of $4,441. The defendants, Mose Davis and his liability insurer, London Guaranty and Accident Company, Ltd., denied liability on the ground that Mrs. Emma Davis, the driver of the Davis car, was free from negligence and, alternatively, that the plaintiff was contributorily negligent. The defendant insurer reconvened for $1,850 which was the amount paid by it to its insured, Davis, covering damages to the latter’s automobile pursuant to its property insurance policy.
Also arising out of the same accident is the suit entitled “Mose Davis vs. Allen Roe, Sr.,” No. 69,239 of the civil docket of the lower court, wherein Davis and his wife each sought damages individually and wherein Davis also sought damages for the use and benefit of his minor children Robert (Bobby) Ray Davis and Alex Samuel Davis. Negligence was denied by Roe and he pleaded contributory negligence on the part of Mrs. Davis as an alternative defense, it being alleged that she was on a community mission at the time and that her negligence was therefore imputable to her husband.
The two matters were consolidated for trial with separate judgments to be rendered in each. Trial on the merits was had and judgment was rendered against Allen Roe, Sr. individually but in his favor as administrator of the estate of his minor son in the amount of $4,000 and, further, rejecting the reconventional demand. In the other suit, judgment was rendered against Mr. and Mrs. Davis individually but in favor of Mr. Davis on behalf of his minor son Robert (Bobby) Ray Davis for $100 and on behalf of his minor son Alex Samuel Davis for $300. The matters are before us on appeals taken by all parties with the exception of Allen Roe, Sr. who has not appealed from that part of the judgment rendered against him.
The record reveals that the accident occurred in a rather sharp curve in the Pride-Port Hudson road situated approximately one-half mile east of the Plank Road. The road is a gravel one, some twenty-six to twenty-eight feet in width. Just previous to the accident Mrs. Davis was driving a 1957 model Mercury automobile in a southwesterly direction on the inside of the curve and Roe was driving his 1952 Chevrolet automobile in a northeasterly direction on the outside of the curve. The damage was to the left front areas of both vehicles. Though the weather was clear and dry, visibility was considerably impaired due to an embankment and high weeds on the inside of the curve or to the right of Mrs. Davis and the left of Mr. Roe.
An analysis of all the testimony with respect to who was on the wrong side of the road would serve .no useful purpose whatever as the matter presents purely a factual question and the record falls far short of a showing of manifest error on the part of the trial judge who obviously must have concluded that both drivers were at fault. Roe admitted on several occasions that he was driving in the middle of the road and while Mrs. Davis insisted that she was at all times entirely on her right hand side, her testimony is refuted by that of Trooper H. A. Harris who investigated the accident. He described the road as having two outside and one center “ruts” or wheel tracks, which is so typical of country gravel roads. The debris and mud as the result of the collision he found principally in the center rut. Appellants have made a concerted effort to discredit this officer’s testimony but the trial judge evidently thought that he was sincere and we have no reason to feel otherwise.
As a result of the accident Allen Roe, Jr.’s spleen was ruptured and it had to be removed on September 28, 1958. He was in the hospital for two weeks and has fully recovered, suffering no residual disability whatever. Under these circumstances we think the award of the lower court was not excessive. See Page v. Northern Insurance Company of New York, La.App., 117 So.2d 279 where an award of $6,000 to a 21 year old woman *654 who lost her spleen and suffered other injuries was increased to the sum of $10,000.
Finding no manifest error in the judgment appealed from the same is hereby affirmed.
Judgment affirmed.