HARDY, Judge.
This suit was instituted by plaintiff for the recovery of damages sustained by his automobile allegedly resulting from the negligence of defendant’s truck driver. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which plaintiff has appealed.
The suit involves a determination of fact upon which the conclusion of primary negligence and consequent liability must inevitably depend.
Plaintiff, a noncommissioned officer in the Air Force stationed at Barksdale Air Force Base, Bossier Parish, Louisiana, accompanied by a fellow noncommissioned officer as passenger, on November 30, 1951, about the hour of 4:00 P. M., was driving his Oldsmobile sedan west on Highway 80 when his vehicle collided with a Mack truck and semitrailer of defendant operated by his em- ■ ployee at a point on the said highway some five miles east of Bossier City, Louisiana. Plaintiff alleged that the accident resulted from the negligence of defendant’s driver in making a left-hand turn, as plaintiff was engaged in a passing operation, without giving proper signals or warning, which negligence he contends was the sole and proximate cause of the collision.
The undisputed facts are that plaintiff had been following for some distance two heavily loaded truck trailer units, the lead combination of which was defendant’s truck, and the second a unit of the Cook Truck Company driven by one C. N. Sims; the speed of the three vehicles was estimated at approximately 35 miles per hour; plaintiff finding the left lane of the highway clear attempted to pass the trucks, and after passing the Cook truck collided with the left rear of the trailer of defendant’s unit, causing the damage for which recovery is sought.
Plaintiff urges that defendant’s truck was attempting to negotiate a left-hand turn across the highway in the path of plaintiff’s approaching passing operation and into a private driveway of a butane gas company; that the said operation was not signaled by proper warning nor was it undertaken after observation of the approach of plaintiff’s vehicle, which could and should have been seen.
It is evident that this case squarely presents a question of liability as between a vehicle driver making a left turn across the highway and an approaching driver attempting to negotiate a passing operation. Concededly a long line of jurisprudence has recognized and established the dangerous maneuver of a left-hand turn, and the incumbent necessity upon drivers of automotive vehicles to give proper signals and to determine the ability to effect the turn without danger to traffic from either direction. As a consequence if plaintiff’s allegations and the testimony adduced in support thereof are sufficient to support a failure of defendant’s driver to take proper precautions he is entitled to recover. But it must be borne in mind that plaintiff bears the burden of proof and must establish his allegations by a preponderance of the evidence.
Turning to an examination of the evidence we find that plaintiff and his com *252 panion testify that they had been following the two trucks for a considerable distance, unable to safely make the attempt to pass; that the trucks were traveling at an interval of approximately 50 feet and that they did not see any signal given 'by the driver of the lead truck for a left-hand turn.
As opposed to this testimony defendant tendered as a witness the ckiver of the Cook truck which was immediately preceding plaintiff’s vehicle and immediately following defendant’s truck. Sims testified that he was. following defendant’s truck at an interval of some 150 yards, more or less, at a speed of about 35 miles per hour; that he observed the arm signal for a left-hand turn given by defendant’s driver for some one-quarter to one-half mile before the beginning of his turn; that he slowed his truck in response to the signal for a turn; that notwithstanding the signal for a turn plaintiff drove his car past the Cook truck and collided with the left rear of defendant’s truck trailer unit as it was crossing over the left lane of the highway.
We are confronted with the usual contradiction in testimony, but we note that the testimony of the witness, Sims, is entitled to great weight under the circumstances. He was not involved in the collision, had no interest therein, and it must be conceded that his observations are entitled to considerable effect. His testimony is positive arid definite. The testimony on behalf of plaintiff is somewhat uncertain and it is indicated that plaintiff and his companion might very easily have failed to observe a signal by defendant’s driver because of the glare of the sun which was shining immediately down the highway and into their eyes.
Under this analysis of the testimony adduced upon trial we can only conclude that plaintiff has failed to sustain the burden of proof and that the finding of fact by the trial judge is free from manifest error. It follows that we have no ground for upsetting the judgment.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.