GLADNEY, Judge.
Plaintiff has appealed from a judgment which rejected his demands to recover property damages allegedly due as a result of an automobile collision involving a car driven by Andrew Bridges, defendant’s insured. The accident occurred November 13, 1955, about 8:30 P.M. while Sam Palmer was proceeding in his automobile along the Samtown Road, a graveled thoroughfare in Alexandria, Louisiana, with the intention of executing a left-hand turn into an intersection. While he was engaged in this maneuver, Andrew Bridges attempted to pass Palmer and there was a collision between the two vehicles.
*530 Plaintiff’s contention is that Bridges was guilty of negligence which was the sole and proximate cause of his accident, specifying that: Bridges failed to heed a proper signal given of the intended left turn; was proceeding at an excessive rate of speed; and finally, that he failed to maintain his car under control due to speed and a useless hand which prevented him from properly guiding his vehicle. The defendant denied these charges against its insured and avers plaintiff should he barred from recovery by reason of negligence due to his failure to keep a proper lookout for approaching vehicles, and in attempting to execute a left turn without first ascertaining that such turn could be safely made.
The witnesses to the accident consisted of the two drivers, and Feddy Franks, who from the porch of a house owned by Jerry Tullos, observed the Palmer vehicle immediately before it was struck. The porch was about 90 feet distant from the accident.
Sam Palmer testified he signaled for a left turn by extending his arm out of the window in the proper manner after having observed through his rear view mirror the lights of Bridges’ vehicle some SO to 60 yards behind him. In describing his maneuver just prior to the collision, plaintiff stated that after observing defendant’s insured’s vehicle approaching at a rapid speed from the rear, he practically stopped and then proceeded to make his turn. He related: “But I had a chance to turn, but it happened so quick I couldn’t make it.”
Andrew Bridges testified he undertook to pass Palmer and, after blowing his horn and observing no signal from the preceding vehicle, he “stepped on the gas”, and that when he had almost reached the rear end of the car driven by Palmer, the latter cut over to the left and the collision occurred. Bridges denied Palmer gave any signal of his intention to turn and denied speeding.
Franks testified he looked up and saw Sam Palmer when about IS feet from the intersection giving a hand signal for a left turn which he was in the act of executing. He thought Bridges’ vehicle was then about 60 yards to the rear of plaintiff. Testifying further he stated he did not hear a horn blow but after the accident he heard Bridges tell Palmer that he (Bridges) was in the wrong and would see that Palmer’s car would be fixed.
The testimony of Palmer and Bridges is contradictory and that of Franks indicates his observation was tardy and alone does not show a left turn signal was timely given by Palmer. Also we observe that, if as stated by Franks, Bridges was 60 yards behind Palmer when Franks first observed Palmer 15 feet from the point of turning, the accident would not have occurred, for plaintiff then would have had full opportunity to safely execute his turn.
The trial court, after hearing the evidence, concluded plaintiff was guilty of contributory negligence in attempting to execute a left turn when it was unsafe to do so and denied the demands of plaintiff. We are in accord with the finding.
The burden of proof rests upon plaintiff to establish his case by a preponderance of the evidence and when a left-hand turn is being made from a public highway and an accident occurs, a burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and show he was free from negligence. LSA-R.S. 32:235, 32:-236; American Fidelity & Casualty Company v. Drexler, 5 Cir., 220 F.2d 930; Moore v. Benson, La.App. 1953, 68 So.2d 250. The Highway Regulatory Act expressly requires the driver of any vehicle upon a highway before turning from a direct line shall first see that such movement can be made in safety and, whenever the operation of any other vehicle may be affected by such movement, shall give a signal plainly visible to the driver of such other vehicle of the intention to make *531 such movement. LSA-R.S. 32:236, subd. A.
Where, as in the instant case, the testimony is in irreconcilable conflict, an appellate court will be strongly influenced by a trial judge’s findings unless they are manifestly erroneous. In the instant case only questions of fact are involved and the evidence compiled in the record does not indicate error.
For the foregoing reasons the judgment from which appealed is affirmed.