AYRES, Judge.
In this action ex delicto, plaintiff seeks to recover property damage sustained to his Chevrolet automobile in a collision with defendant’s Pontiac on Powell Avenue *807 in the City of Monroe. Plaintiff’s vehicle, driven by his son in a southerly direction on Powell Avenue, collided with defendant’s car, proceeding in the opposite direction, when the driver of the latter vehicle attempted a left turn.
Negligence charged to defendant consisted of his failure to make proper observation or to keep his vehicle under control, and in attempting a left turn despite oncoming traffic to which he failed to accord or to yield the right of way. Plaintiff’s son was charged with negligence as a proximate or, in the alternative, a contributing cause of the accident in operating his car around a curve at an excessive rate of speed. Concluding that defendant’s negligence was the proximate cause of the accident, judgment was rendered against him, as prayed for, and he has appealed.
The testimony of all the witnesses admits of no question as to the correctness of the conclusion reached by the trial court as to defendant’s negligence constituting a proximate cause of the accident. Defendant attempted a left turn across the lane of travel of plaintiff’s approaching vehicle, which he did not but could and should have observed had he been maintaining a proper lookout. In fact, his own admissions are sufficient to establish his negligence. Pie testified that before turning to his left he saw a car approaching from the north, whereupon he stopped and permitted the car to pass; that he gave a signal of his intention to make a left turn and • then, after again looking and observing no other approaching traffic, he proceeded into the left lane of the street, when he heard the squealing of the tires on plaintiff’s car, produced by the application of brakes. Observing plaintiff’s car at close range, defendant applied his own brakes and brought his car to a stop in the west traffic lane, where his vehicle was struck by that of the plaintiff.
No valid reason is advanced why defendant did not see plaintiff’s car. The way was clear; and no obstruction existed to obscure his view. His failure to observe the approaching vehicle can only be attributed to his failure to keep and maintain a proper lookout. By his own testimony, defendant did observe the approach of an oncoming automobile which was followed by plaintiff’s car. He stopped and permitted the former to pass, and obviously had the same opportunity for observing the approach of plaintiff’s vehicle as he did the car immediately preceding it; but he did not do so. Defendant’s failure in this respect is, in itself, sufficient to establish negligence on his part constituting a proximate cause of the accident.
The decisions of this court, as well as those of the other appellate courts of this State, are replete with pronouncements to the effect that the duty of those in charge of the operation of motor vehicles to look ahead and observe traffic conditions never ceases and that they are charged with the duty of seeing what they should and could see by the exercise of due diligence, and their failure in that regard does not absolve them from liability.
A left turn has often been characterized as one of the most hazardous maneuvers a motorist may undertake and which should only be attempted after the motorist has made reasonably certain, by proper observation, that the movement may be made in safety and without unduly affecting or obstructing the normal movement of overtaking and oncoming traffic. In making such maneuvers, a motorist is under the duty to be alert and observant, and to exercise due care and reasonable precaution.
From the facts established by the testimony, it is clear that defendant’s failure in the aforesaid respects was negligence and constituted a proximate cause of the accident.
*808 The real issue, however, tendered by this appeal, relates to the question of contributory negligence on the part of plaintiff’s driver, Ronald Leon Mock. Despite the testimony of the driver and his two passengers, the physical evidence of the skidmarks of his vehicle, as related by the investigating police officer, makes the conclusion inescapable that Mock was traveling at a speed considerably in excess of the maximum of 25 miles per hour prescribed by city ordinance. Mock, after proceeding around a curve approximately 50 yards north of the site of the collision, saw defendant’s car in its proper lane of travel and, to him, it appeared, at the time or soon thereafter, that the defendant intended to make a left turn, for, after obviously making such observation, Mock applied his brakes heavily and skidded his car from 55 to 65 feet. Even though the street surface was wet, allowing for reaction time, Mock was at a much greater distance away when he saw defendant’s car and observed his intention to make a left turn. Thus, it clearly appears that his speed was, at least, 35 to 40 miles per hour. Under these circumstances, even if, as Mock himself testified, the street was wet, his rate of speed was excessive. Speed was, therefore, a factor preventing him from stopping his car in time to avoid the collision. He was, therefore, also clearly negligent, for, had the speed of his vehicle been within the legal limit, he, no doubt, could have brought his vehicle to a stop within the distance he saw defendant making a left turn. Mock’s speed constituted, also, a concurring proximate, or a contributing, cause of the accident.
.We are not unmindful of the general and statutory rule that, when a left-hand turn is being made by a motorist from a public highway or street and an accident occurs, the burden rests heavily on the driver making such turn to explain how the accident occurred or to show he was free from negligence. LSA-R.S. 32:235, 32:236; Palmer v. Allstate Insurance Company, La.App.1957, 99 So.2d 529; Moore v. Benson, La.App.1953, 68 So.2d 250. This burden has been borne, at least, to the extent of showing plaintiff’s driver guilty of contributory negligence, constituting a proximate cause of the accident.
In Gerrets v. Reed, La.App., 99 So.2d 408, 411, we had, under consideration, a case in which some of the facts bore some similarity to those established in the instant case. There, we stated:
“It is also definitely established and, for all practical purposes, it is conceded by counsel for defendants that Reed, the driver of the truck, was guilty of negligence in exceeding the maximum speed limit of 25 miles per hour. Estimates of the speed of the truck varied from 30 to 55 miles per hour according to the testimony. We think it was also established by a preponderance of the testimony that Reed applied his brakes, which took effect, as shown by the skidmarks, at a distance in excess of 20 feet — variously estimated as between 22 and 29 feet— before the point of impact. This fact clearly indicates, considering the factor of reaction time, that Reed observed the danger of a collision when he was at a distance of more than sixty feet from the point of impact. At a speed of 25 miles per hour — the legal maximum limit — Reed would have been able to bring his vehicle to a stop within this distance. That fact conclusively establishes negligence on the part of the defendant, Reed, which, as a consequence, became a concurring proximate cause of the accident.”
In the instant case, it can be reasonably concluded, from the evidence, plaintiff’s driver was possibly 100 feet away when he observed defendant’s left-hand maneuver.
For the aforesaid reasons, that plaintiff’s driver was guilty of contributory negligence attributable to plaintiff himself, and that such negligence constituted a con *809 tributing factor, or cause, in the occurrence of the accident, the conclusion follows that such negligence bars plaintiff’s recovery.
Accordingly, the judgment appealed should be, and it is hereby, annulled, avoided, reversed and set aside, and plaintiff’s demands be and they are hereby rejected at his cost.
Reversed.