AYRES, Judge.
By this action plaintiffs, as the owners of a Ford pickup truck, seek to recover of the defendants damages in the sum of $117.88 sustained by the truck in a collision with a Ford automobile of the defendants. Defendant, Robert W. Attison, reconvened and seeks to recover of the plaintiffs damages sustained by the Ford car in the sum of $181.92.
The trial court concluded, as to the issue of negligence, neither plaintiffs nor defendants had sustained the burden of proof prerequisite to their recovery. From a judgment accordingly rejecting the demands of both plaintiffs and defendants, plaintiffs appealed. Attison, having neither *513 appealed nor answered plaintiffs’ appeal, his reconventional demand is not an issue before us on this appeal.
This case poses two questions for consideration: (1) as to defendant’s negligence and (2), in the alternative, contributory negligence on the part of plaintiff Thomas. The issues are factual in nature. Briefly stated, the facts are:
The accident occurred November 16, 1958, on Youree Drive in the City of Shreveport. Plaintiff George Thomas was driving a pickup truck northbound at a speed of about 35 miles per hour, traveling in the middle of the three northbound traffic lanes on Youree Drive. The outside traffic lane was occupied by cars of those attending church services at a church located on the west, or opposite, side of the street. One of the cars so parked was that of the Attisons, which Mrs. Attison had parked facing north. On returning to and re-entering her car, Mrs. Attison at first proceeded north and then turned left and stopped for the purpose of permitting a southbound vehicle to pass. In stopping, she blocked the path of plaintiffs’ vehicle.
Mrs. Attison’s intention was to either make a U-turn, if the traffic situation permitted, or to turn left on a side street and eventually return to her residence on Youree Drive south of the church. On driving from the curb, Mrs. Attison estimated that plaintiffs’ vehicle was about a block away. Thomas and his passenger, James G. Broom, estimated the distance at approximately 150 feet and that this distance had been greatly reduced when she drove in front of the truck. Mrs. Attison makes no claim to have signaled her intention of making a turn, as she contends she was headed north on Youree Drive.
Thomas testified that after Mrs. Attison suddenly turned in front of him, across the street at an angle, headed in a westerly direction, with the front wheels of her vehicle near or over the center line of the street, he attempted to avoid the accident by swerving to the right but was unable to do so because of the vehicles parked at the curb. According to his testimony, he had no notice or warning of the defendant’s intention to slow down, or stop, or to make a left-hand turn.
The general rule is that the driver of any vehicle upon a highway of this State, before starting, stopping, or turning from a direct line, shall first see that such movement can be made in safety; and, whenever the operation of any other vehicle may be affected by such movement, he shall give a signal plainly visible to the driver of such other vehicle of his intention to make such movement. LSA-R.S. 32:235, subd. A.
It is well established in the jurisprudence of this State that, when a left-hand turn is being made from a public highway and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred, and to show that he or she was free from negligence. American Fidelity & Casualty Company v. Drexler, 5 Cir., 1955, 220 F.2d 930; Kirby v. Fidelity & Casualty Company of New York, La.App.1959, 110 So.2d 182; Palmer v. Allstate Insurance Company, La.App.1957, 99 So.2d 529; Brown & Williamson Tobacco Corp. v. Baumgardner, La.App.1957, 92 So.2d 107. Moreover, it is likewise well established that a motorist is entitled to rely upon the assumption that the driver of an automobile ahead will operate it in a prudent, cautious, and lawful manner. Nomey v. Great American Indemnity Company, La.App.1960, 121 So.2d 763.
Moreover, Mrs. Attison’s action in heading north, without giving any signal indicative of her intention to make a left-hand turn, was sufficient to create a belief in Thomas that she intended to continue her forward movement on Youree Drive. Carkuff v. Geophysical Service, La.App.1938, 179 So. 490. That Mrs. Attison made improper observation, misjudged the distance of plaintiffs’ following vehicle, in her attempted left turn are convincing of her *514 negligence constituting a proximate cause of the accident.
Nor does the testimony establish contributory negligence upon the part of plaintiffs’ driver. There is no showing that he was proceeding at an excessive rate, that he failed to maintain a proper lookout or to keep his truck under control, or that he had time, distance, and opportunity to apply his brakes, or to otherwise maneuver his vehicle, and prevent the accident after Mrs. Attison turned to her left in front of his truck.
The judgment appealed is accordingly annulled, avoided, reversed, and set aside, and
It is now ordered, adjudged and decreed' that there be judgment herein in favor of plaintiffs George Thomas and T. H. Parker against the defendants, Robert W. Attison and Mrs. Mary L. Attison, in solido, for the full sum of $117.88, with five percent per annum interest thereon from judicial demand until paid, and for all costs.
Reversed and rendered.