BOLIN, Judge.
This is a suit by plaintiffs, husband and wife, against defendants for property damage and personal injuries arising out of a collision between the automobile owned and operated by plaintiff-husband and the automobile owned by defendants, Joy L. and Aaron J. Tolbert, and insured by All State Insurance Company. Mrs. Clark sued for $15,000 for pain and suffering; $10,000 for future pain and suffering; $10,-000 for shock, anxiety, embarrassment, and mental anguish; and $10,000 for permanent disability; and Mr. Clark for certain items of property damage and medical expenses. From a judgment of $3,500 for personal injury in favor of Mrs. Clark, and $290.89 in favor of Mr. Clark for community expenses, defendants have appealed. Plaintiffs have answered the appeal, asking for an increase in both awards.
The pleadings and testimony disclose that at the time of the accident, Joy Lasyone Tolbert and Aaron J. Tolbert, husband and wife, resided on the north side of Highway 80, about five or six miles east of Bossier City, Louisiana; which road is a four lane highway at this point with a neutral ground of some 75 or 100 feet between the east and west lanes of traffic. The defendants owned and operated a cafe in the Village of Haughton, Louisiana, some six or seven miles east of the point of collision. The accident happened about 10:00 o’clock at night on October 28, 1959, as Mrs. Tolbert was returning home from her restaurant.
Defendant’s version of the accident is shown by the testimony of Mrs. Tolbert who said she was some five or six feet east of her driveway which leads off Highway 80, when the left rear of her car was *607 struck by plaintiffs’ vehicle. She further testified she proceeded on some several feet west of the driveway and parked on the shoulder of the road on the north side of the westbound lane of traffic. She said she saw the headlights of the plaintiffs’ car following her and thought she would have time to make the right turn into the driveway leading to her home; that she did not have automatic directional signal lights but did give a hand signal of her intention to make the right turn.
Plaintiffs, on the other hand, allege and testify that plaintiffs’ car, being driven by Mr. Clark with his wife sitting to his right on the front seat, was following defendants’ car and noticed its lights some 200 yards ahead. Mr. Clark testified when he first saw defendants’ automobile, he was unable to tell whether it was moving or stationary but that, as he came to within approximately 50 yards of same, his wife remarked to him that defendants’ car was being backed out into the road and that he, Mr. Clark, replied, “I believe it is.” Whereupon, he applied his brakes and began to pull his car over to the left for the purpose of avoiding a collision. He further testified that at the time he was driving some 45 or 50 miles per hour; that the brake mechanism and steering gear on his automobile were in good shape; that he continued to pull his car over to the left, into the inside or passing lane of traffic, until he almost reached the shoulder on the left side of the inside lane of traffic, and had practically stopped when defendant continued to back her car; that defendants’ vehicle struck plaintiffs’ car just behind the right door, knocking the rear end of plaintiffs’ vehicle completely off the pavement on to the shoulder of the inside left lane.
Both Mr. and Mrs. Clark contended the two cars came to rest with plaintiffs’ right front wheel on the edge of the pavement and the remainder thereof at an angle on the shoulder of the road, with the right rear wheel some two or three feet on the shoulder of the road and with the rear end of defendants’ car resting against plaintiffs’ car at the point of impact. Mrs. Clark was knocked from plaintiffs’ car and fell on the ground with part of her body extending under her car on the grass, or shoulder, and her head on the pavement. Before her husband could get out of his car on the left-hand side and go around to the right-hand side, and while thus trapped under her car, Mrs. Clark contended Mrs. Tolbert immediately pulled her car away from the point of impact, crossed both lanes of traffic to the shoulder on the north side of the outside lane and parked her car almost wholly on the shoulder of the road some five or six feet west of the west side of her driveway to her home.
After a thorough discussion of the physical evidence and the testimony of the witnesses, the trial judge concluded in a written opinion:
“The evidence clearly indicates that the point of impact occurred at the edge of the pavement in the left lane, just before the back end of plaintiffs’ car went off of the concrete on to the shoulder of the road. * * * There is just one of two possible explanations of this accident, from the pictures and physical evidence, and that is that defendant, Mrs. Tolbert, was, in fact backing out into the highway clear across both lanes of traffic, or else that she made a wide sweep or turn so that she could approach her driveway at a 90 degree angle and, in either event, her maneuver would be the direct and proximate cause of the accident.”
At this point, we deem it proper to note that Judge C. A. Barnett heard the evidence and rendered the opinion while Judge O. E. Price signed the judgment.
Our reading of the record on appeal convinces us that the trial judge was correct both in his findings of fact and his conclusions of law with reference to negligence and liability. If Mrs. Tolbert was backing her vehicle across both lanes of traffic, the general rule setting forth the care required *608 in backing would apply. This general rule was stated in Neyrey v. Maillet, La.App. Orleans, 1945, 21 So.2d 158, 164, to be:
“The law of the case with reference to the precautions a motorist must take when backing his vehicle is clear. It is, of course,, not negligence to back a car. See Hahn v. P. Graham & Co., 148 La. 55, 86 So. 651; Huddy’s Encyclopedia of Autombile Law, Vols. III-IV, Section 133, pp. 218-220. However, a motorist is charged with the duty of exercising ordinary care to see that the maneuver will not injure the persons or property of others.
By ordinary care, we mean the degree of caution which would be observed by reasonably prudent persons under similar conditions. And no hard and fast rule can be laid down in matters of this sort for, in common with all actions based upon negligence, each case must stand upon its own particular facts and circumstances.”
See also Valentine v. J. D. Marcom Service and Supply Co., La.App. 2 Cir., 1961, 128 So.2d 218, affirmed on rehearing, and authorities contained therein; and also Broussard v. American Insurance Co., La. App. 3 Cir., 1961, 127 So.2d 587.
We believe that in view of the duty owed by one backing a vehicle as outlined in the authorities cited, Mrs. Tolbert was negligent if she did, indeed back her automobile across both westbound lanes of trafiic at night into plaintiffs’ car.
On the other hand, if the defendant-driver swerved into the left lane while executing a right turn into the driveway, such action also constituted negligence. Our conclusion on this point is amply supported under the principle enunciated in Thomas v. Attison, La.App. 2 Cir., 1960, 125 So.2d 511, 513, as:
“The general rule is that the driver of any vehicle upon a highway of this State, before starting, stopping, or turning from a direct line, shall first see that such movement can be made in safety; and, whenever the operation of any other vehicle may be affected by such movement, he shall give a signal plainly visible to the driver of such other vehicle of his intention to make such movement. LSA-R.S. 32:235, subd. A.”
In addition to the pronouncements quoted above, it is likewise well established that a motorist is entitled to rely upon the assumption that the driver of an automobile ahead will operate his vehicle in a prudent, cautious and lawful manner. Nomey v. Great American Indemnity Company, La. App. 2 Cir., 1960, 121 So.2d 763.
We likewise believe Mrs. Tolbert was negligent if she swerved to the left in making her turn, for she could not do so in safety and, in our opinion, would not have been acting as a prudent and cautious motorist. In so doing, she would have been breaching a duty which she owed to others using the highway.
The only issue relating to liability left to consider is that of contributory negligence pleaded against both plaintiffs. It is our opinion that the testimony does not establish such negligence upon the part of either plaintiff. Mr. Clark, immediately upon perceiving that the other vehicle was moving toward his lane of travel, applied his brakes, pulled his automobile to the left and had practically stopped with a portion of his car off the pavement on the left side at the time of the collision. Under the circumstances, we do not think he was required to do more. See Phillips v. Henderson, La.App. 2 Cir., 1941, 200 So. 192.
Likewise, we do not believe any negligence can be charged to Mrs. Clark as a guest passenger. She warned the driver as soon as she realized defendants’ vehicle was being operated imprudently. Having concluded the driver was free of negligence, it necessarily follows that no negligence could be imputed to Mrs. Clark as a guest passenger.
*609 Therefore, we conclude that Mrs. Tolbert was guilty of negligently operating her vehicle and such negligence was the sole and proximate cause of the accident. Having so decided, we must now consider the award for special damages and personal injuries made in favor of plaintiffs.
Mrs. Clark, so the medical evidence shows, received as a result of the accident abrasions on her right knee and thigh, and a sprain of her right knee. She also received a cut over her right eye, requiring four sutures, and a separation of the cartilage at the tenth rib. At the trial, Mrs. Clark stated she had some pain in the healed cut over her eye. The treating physician, Dr. Holt, testified this pain was a result of a pinched nerve or neuritis in the scar tissue left by the cut but that this injury had healed and the scar remaining was practically unnoticeable at a distance. It was his further opinion that the pain would subside without further treatment. In addition to these physical injuries, Mrs. Clark also complained of extreme mental anguish and nervousness as a result of the accident. She attributed a great deal of her resulting nervous condition to nearly being run over by the Tolbert vehicle pulling away from the point of impact while she was trapped on the ground. We can well understand why she described this as the worst moment of her life.
It is well established that the award of damages for personal injuries depends upon the circumstances of each individual case. It is equally well established that the award made by the trial judge will not be disturbed unless manifestly excessive or inadequate. Hopper v. Maryland Casualty Co., La.App. 2 Cir., 1961, 129 So.2d 101. A reading of the opinion of the lower court reveals that careful consideration was given to various aspects of Mrs. Clark’s claim. The record does not reveal any circumstances that justify any amendment of the award made to Mrs. Clark for her injuries.
Mr. Clark was awarded special damages in the amount of $290.89, which included $100 for the amount paid under the deductible feature of his collision insurance policy for property damage and a stipulated sum of $190.89 for medical expenses. However, in preparing this stipulation, the bill of Dr. Holt in the amount of $25 was inadvertently omitted. We think Mr. Clark is entitled to this additional amount which will make the total award in his favor $315.89.
The judgment of the lower court is, therefore, amended so as to increase the award to Mr. Clark from $290.89 to $315.89, and as amended, the judgment is affirmed at appellants’ cost.
Amended and affirmed.