REID, Judge.
This suit, and the two companion cases consolidated for trial arose out of a three car collision which occurred at approximately 8:30 on the morning of August 11, 1960 on Louisiana Highway No. 19 between Ethel and Slaughter, in the Parish of East Feliciana, Louisiana. Doyle F. Harrell was driving a 1959 Ford automobile in a southerly direction on said highway,, followed by a 1959 Ford driven by Mrs. Doris Darden. Isabelle Taylor was driving a 1957 Pontiac sedan in a northerly direction on said highway. A head-on collision took place between the Harrell car and the Taylor car and then the Darden car collided with the Harrell car. Both the Harrell car and the Taylor car were damaged on the right front sides. The Harrell car ended up on the east side of the highway, and the Taylor car ended up on the west side of the highway. The Darden vehicle remained in the southbound lane of traffic facing south. Highway No. 19 is two-lane, black topped road. It had rained prior to the accident and the road was wet.
In the "instant case, Appeal No. 5668, Doyle F. Harrell brought suit against Isabelle Taylor and her insurer, Peerless Im surance Company, and against Mrs. Doris Darden and her insurer, Western Casualty & Surety Company, praying for judgment in the amount of $9692.65, or $912.28 for medical expenses, $274.37 for loss of wages and $8500.00 for physical pain, suffering, mental anguish, permanent injuries and estimated future medical expenses. The Travelers Insurance Company intervened as workmen’s compensation insurer of Har *708 rell’s employer. Isabelle Taylor and Peerless Insurance Company filed an answer to Harrell’s petition denying negligence on the part of Isabelle Taylor and, in the alternative, alleging contributory negligence on the part of Doyle F. Harrell, and filed an answer of general denial to the petition of intervention. Similar answers were filed by Doris Darden and Western Casualty and Surety Company. On November 17, 1961, oral reasons for judgment were dictated from the bench by the Trial Judge. In the instant case the Trial Judge rendered judgment in favor of the plaintiff Doyle F. Harrell and against defendants Isabelle Taylor, Doris Darden,, Peerless Insurance Company and Western Casualty and Surety Company, in solido, in the sum of $8442.65 and judgment in favor of The Travelers Insurance Company, intervenor for $1192.65 for Workmen’s Compensation disability payments and benefits and medical, hospitalization and doctors’ bills paid Harrell by inter-venor, said judgment to take preference and priority over the judgment in favor of Harrell. From said judgment the defendants have appealed.
In Appeal No. 5667 suit was brought by Andrew J. Darden Jr., and his wife Mrs. Doris Darden, seeking to recover damages for property loss suffered by the community existing between them, as well as for personal injuries alleged to have been suffered by Mrs. Darden. The defendants in this suit were Zurich Insurance Company, the liability insurer of the 1959 Ford being driven by Doyle F. Harrell; Peerless Insurance Company, the liability insurer of the 1957 Pontiac being driven by Isabelle Taylor; and the said Isabelle Taylor. The plaintiffs prayed for judgment in favor of Andrew J. Darden Jr. in the sum of $823.92 being $155.00 for loss of wages, $468.92 medical expenses, and $100.00 paid as required by the deductible clause of his insurance policy, and for judgment in favor of Mrs. Darden in the sum of $9000.00 for physical pain, suffering, mental anguish, facial disfigurement and permanent damage to teeth and interior of mouth. Isabelle Taylor and Peerless Insurance Company filed an answer denying negligence on the part of Isabelle Taylor and, in the alternative, alleged contributory negligence on the part of Mrs. Darden. Zurich Insurance Company filed an exception of no cause of action. The Trial Judge dismissed the suit of the plaintiffs, Mr. and Mrs. Darden,, at their cost. Plaintiffs have appealed from this judgment.
In appeal No. 5669, Calvert Fire Insurance Company filed suit against Isabelle Taylor and her insurer, Peerless Insurance Company, and against Mrs. Doris Darden and her insurer, Western Casualty & Surety Company, in which Calvert Fire Insurance Company alleged the automobile driven by Doyle F. Harrell was owned by Auto Fleet Leasing Company under a lease-purchase agreement to Calvert Fire Insurance Company ; the automobile was totally demolished and the net loss, after salvage was $1170.60, and prayed for judgment in that amount. Answers denying negligence and, alternatively, pleading contributory negligence on the part of Harrell were filed by all the defendants. The Trial Judge rendered judgment in favor of plaintiff Calvert Fire Insurance Company and against the defendants, Isabelle Taylor, Doris Darden, Peerless Insurance Company and Western Casualty and Surety Company, in solido, in the sum of $1170.60, from which judgment defendants appeal.
The Trial Judge concluded in his reasons for judgment that plaintiff, Doyle Harrell, was free from negligence; the defendant Isabelle Taylor was guilty of negligence which was the proximate cause of the accident; and that Mrs. Darden was guilty of contributory negligence which barred her recovery, and made her liable for damages to Doyle Harrell.
The Trial Judge concluded Isabelle Taylor had swerved into Doyle Harrell’s lane of traffic and, in attempting to get back into her own lane of traffic, she collided with the Harrell car in the south bound lane of traffic.
With regard to the negligence of Mrs. Darden, the Trial Court concluded Mrs- *709 Darden, who was following the Harrell vehicle, had ample time to either stop her car or go to the left or to the right to avoid the accident, and her failure to stop her car or go around the Harrell vehicle indicated she had not been looking and she had not seen what she should have seen.
Doyle Harrell testified that he was proceeding south at approximately the speed of SO to 55 miles per hour when the Pontiac automobile driven by Isabelle Taylor, approaching from the south, veered into his lane of traffic. He testified when he first noticed the Taylor car veering into his lane of traffic it was about 50 yards away; it came into his lane of traffic traveled almost to the shoulder of his lane of traffic and then cut back and was going toward the north bound lane at the time of the collision. Harrell testified when he first saw the vehicle cut into his lane, he slowed his car slightly and when he saw the car continue to travel in his lane he applied his brakes hard; although his braking slowed the car it was impossible for him to stop and the Taylor car collided with his vehicle. As a result of the impact his car was turned sideways facing the north bound traffic lane when he was struck by the Darden vehicle. He testified the Darden vehicle struck the right front door of his vehicle and the second collision occurred a split second after the first collision while his car was still spinning. After the second collision his car stopped in or near the ditch parallel to the north bound lane of traffic.
Isabelle Taylor, on the other hand, testified the Harrell vehicle had swung into her lane of traffic and the accident occurred in that lane. It was her contention the Harrell vehicle was in the process of passing another vehicle when the collision occurred. However, she was unable to identify the other vehicle or give any facts about such vehicle other than her statement that the Harrell automobile was in the act of passing another vehicle. Isabelle Taylor’s testimony was the only testimony in the record which indicated the accident occurred in the north bound lane. She testified the second accident did not occur until after her car had stopped in the ditch and after she had gotten out of her car and was standing by its side. Here again this testimony is contradicted by the testimony of all the other witnesses. Isabelle Taylor admitted that she had been convicted of the charge of driving on the wrong side of the road.
Mrs. Darden testified the point of impact between her vehicle and the Harrell vehicle was in the south bound lane and the collision between her vehicle and the Harrell vehicle occurred while the Harrell vehicle was still spinning from the first accident and her vehicle stopped after the impact in the right hand lane, all of which clearly indicates the first accident occurred in the south bound lane.
The State Trooper, Morris W. Needham, who investigated the accident and who arrived at the scene of the accident at approximately 9:25 testified that at the time he arrived, the Harrell vehicle was on the east side of the road in the ditch, the Taylor vehicle was on the west side of the road in the ditch and the Darden vehicle was still in the road in the right hand lane headed south. Trooper Needham testified at great length to the effect that the physical evidence clearly showed the point of impact in both accidents was in the right or south bound lane. He stated there were two separate piles of debris in the south bound lane, there were car tracks running further south where the Taylor and Harrell vehicles collided leading off to the west shoulder where the Taylor vehicle came to rest after the accident. Trooper Needham further testified:
“Q : Now, Trooper Needham the Pontiac driven by Isabelle Taylor was only involved in one collision, wasn’t it?
“A: Yes sir.
“Q: And after that collision was over it was — it ended up on the west side of the highway?
“A: Yes, sir.
******
*710 “Q: Was there anything between the front wheels of the Taylor automobile which had come to rest on the west side of the highway and any debris out there in the southbound lane?
“A: Well, it had tire marks it looked like.
!‘Q: And when you have been referring to tire marks you have been referring only to marks between the Taylor automobile and this pile of debris?
“A: Yes.
“Q: And that pile of debris was in the southbound lane?
“A: Yes, sir.
“Q: And there is no question about that ?
“A: No, sir.”
Trooper Needham was positive in his conclusion the physical facts clearly showed the point of impact of the collision between the Taylor and Harrell vehicles was in the south bound or Doyle Harrell’s lane.
In addition to this, Mrs. Lena Hughes,, who was a guest passenger in the Darden vehicle, testified she had not seen the first collision, but she observed the Harrell vehicle in the south bound lane just before the Darden vehicle hit it and the broken glass, which she noticed on the highway, was in the right, or south bound lane.
Sammy Welch, also a guest passenger in the Darden car, testified the physical evidence showed that the accident happened in the south bound lane, as did Miss Doris Marie Darden, daughter of ■ Mrs. Doris Darden, who was also a guest passenger in the Darden vehicle.
It is thus apparent from an examination of the testimony the preponderance of the evidence shows the point of impact in the collision between the Taylor and Harrell vehicles was in the south bound or right hand lane and Isabelle Taylor was clearly guilty of negligence.
The Trial Judge concluded that Mrs. Dar-den’s negligence arose from the fact she had ample time to stop her car or go around the site of the first accident. He concluded her failure to stop was the result of her failure to see what she should have seen had she been looking and had she resorted to the doctrine of last clear chance she could have gone to the right or to the left around the accident. An examination of the Trial Judge’s reasons for judgment shows that he based his judgment on the fact that Mrs. Darden had testified twice when she first saw the collision between the Harrell and Taylor cars she was two-thirds of a city block from the Harrell vehicle and had been following the vehicle at that distance for quite some time.
The Trial Judge seemed to indicate that had Mrs. Darden attempted to go around to the right or to the left and avoid the collision she would have availed herself of the benefit of the doctrine of last clear chance and thus would not be considered negligent. The Trial Judge mentions several times the doctrine of last clear chance. Before going into the question of Mrs. Dar-den’s liability, it should first be pointed out in this case the doctrine of last clear chance had no application. The doctrine of last clear chance applies in a situation where the plaintiff, although contributorily negligent, will be allowed to recover from the defendant if it can be shown the defendant had the last clear chance to avoid the accident. Since the Court held that Doyle Harrell was free from any negligence whatsoever, with which finding this Court agrees, the doctrine would not apply in this situation, as the Court did not have to find that Mrs. Darden had the last clear chance to avoid the collision in order to permit Doyle Harrell to recover against her. The issue here is whether or not Mrs. Darden was guilty of negligence which contributed to the collision between her vehicle and the Harrell vehicle, barring her from recovery against either Doyle Harrell or Isabelle Taylor.
*711 In regard to the negligence of Mrs. Darden the record is clear. She was confronted with a sudden emergency and a dangerous situation not of her own making and to which she did not contribute. It is well established by the jurisprudence of this State that in such cases a party will not be held responsible for errors of judgment committed by him in an emergency, provided he exercised ordinary, prudent and reasonable care under the circumstances. See Gage v. Nesser, La.App., 119 So.2d 98, and Thibodaux v. Gore, La.App., 124 So.2d 336.
Mrs. Darden testified that at the time of the accident she had been following the Harrell vehicle at a distance of, what she stated, was two-thirds of a city block (which the Judge computed to mean 200 feet) for a distance of about three miles and her speed was between 50 and 55 miles per hour. She further testified she did not see the Taylor vehicle, until its collision with the Harrell vehicle, and the first thing that alerted her to danger was the two cars in a spin in the highway crossways in the road in front of her with their radiators together. She testified there was no way of going around the two vehicles, both lanes were blocked. She immediately applied her brakes and swerved to the right to avoid the cars, but although applying her brakes slowed her vehicle, it was not enough to prevent the collision. She further testified the Harrell vehicle, while in a spin was moving in such a way as to be approaching her at the time of the impact. This statement is corroborated by the statement of Officer Needham who testified the physical facts showed the Harrell vehicle had been knocked backwards as a result of the collision with the Taylor car.
In regard to the question of speed, there is no evidence in the record which would indicate Mrs. Darden’s speed was in excess of 50 to 55 miles per hour. Her testimony in this respect is corroborated by the testimony of Lena Hughes. In addition, Wilbur Baker, who was driving a vehicle following the Darden vehicle, stated that he was traveling approximately 50 miles per hour at the time of the accident and the distance between his vehicle and the Darden vehicle had been consistent and was consistent at the time of the collision. Doyle Harrell also testified that at the time of the accident his speed was 'between 50 and 55 miles per hour and the evidence shows Mrs. Dar-den had been following the Harrell car at a constant distance for quite some time. Therefore, it is apparent from the record Mrs. Darden was driving at a legal and reasonable speed.
In regard to the question of whether or not Mrs. Darden could have avoided the accident by going to the right or to the left, Mrs. Darden testified that when she was first aware of the accident the two cars were spinning in the highway crossways in the road and they were both in her lane of traffic. That the Harrell car was knocked sideways across the highway is well established by the evidence. Sammy Welch testified the Harrell automobile was spinning and coming sideways towards the Darden car and the front of the Harrell car was facing west. Lena Hughes testified the Harrell car was across the south bound lane. Mr. Baker stated that when he first saw the Harrell car it had spun around on the highway and was directly across the highway when it was hit by Mrs. Darden’s car. It is clear, under the circumstances, Mrs. Darden could not be considered negligent in failing to attempt to go to either the right or to the left, especially in view of the fact that after the first accident the Taylor car ended up in the ditch on one side of the highway while the Harrell car ended up in the ditch on the other side. Trooper Needham testified that in his opinion Mrs. Darden could not have gone around the Harrell automobile either to the left or to the right.
This leaves only the question as to whether under the circumstances Mrs. Darden could have brought her car to a complete stop and thus avoided the accident. The Trial Judge seems to conclude that because Mrs. Darden testified that she was approximately two-thirds of a city block from the accident (the record not being clear as to *712 what size city block is meant but which the Judge concluded to be approximately 200 feet from the accident at the moment of the collision) that she had ample time to stop her car and her failure to do so constituted negligence on her part.
The testimony of Mrs. Darden is not clear as to whether or not she actually saw the impact, and in fact on several occasions, she said she did not see the actual impact, but it is clear if she did not actually see the impact she saw the cars immediately thereafter. She further testified that immediately upon seeing this she applied her brakes and attempted to swerve to the right and although her brakes slowed her car, it did not stop at a sufficient distance to avoid the accident. The fact that Mrs. Darden applied her brakes is corroborated by the testimony of both Lena Hughes and Sammy Welch who were riding in the car with her. The record is quite clear there was only a split second between the first collision and the second collision. This fact is testified to by Mr. Harrell, by Mrs. Darden and by all of the witnesses in her car. This would indicate Mrs. Darden traveled a short distance from the time she first was aware of the collision between the Harrell and Taylor cars and the time her vehicle collided with the Harrell vehicle. As there is nothing in the record which would indicate Mrs. Dar-den was traveling too close to the Harrell vehicle, it must be presumed Mrs. Darden acted in a careful and prudent manner when she became aware of the emergency. This Court is not convinced the record establishes with any degree of certainty that Mrs. Darden was actually 200 feet from the Harrell vehicle when she first became aware of the collision between the Harrell and Taylor vehicles. The preponderance of evidence shows that there was only a split second between the first and the second accident and as Mrs. Darden was aware of the accident almost at the time of the impact and took immediate action, it would appear there is some uncertainty as to the actual distance. When this fact is coupled with Mrs. Darden’s repeated statements that she was unable to judge distance it is difficult to see how the Trial Judge based his conclusion as to distance merely upon the reflections of Mrs. Darden.
The adverse parties had the burden of proving Mrs. Darden was guilty of negligence and it is the opinion of this Court that an examination of the record in this case clearly shows they have failed to establish by a preponderance of the evidence negligence upon the part of Mrs. Darden.
It is, therefore, the opinion of this Court Mrs. Darden was not guilty of any negligence and the sole proximate cause of these accidents was the negligence of Isabelle Taylor as set forth above. For these reasons the judgment of the Lower Court in favor of plaintiff and against Mrs. Darden and Western Casualty and Surety Company, is reversed.
With regard to the question of quantum, this issue has not been raised by the other defendants, Isabelle Taylor and Peerless Insurance Company in their brief, nor does it appear they have complained the Trial Court is incorrect in that regard. The judgment in favor of Doyle F. Harrell and The Travelers Insurance Co., intervenor, against defendants Isabelle Taylor and Peerless Insurance Co. is affirmed in as much as defendants made no complaint as to quantum.
Reversed in part and affirmed.