*270 ON REHEARING
A rehearing was granted in order to 'reexamine our original opinion holding ap-pellee, Ola Mae Cook, free of negligence. It is earnestly argued that appellee was negligent in executing a left turn in the middle of a block without making a careful observation for approaching traffic before commencing to make her left turn, and that had she made such an observation she could have and would have seen the approaching Holmes automobile, even though it was dark and was raining at the time the accident occurred.
The pertinent facts which led us to hold that the sole proximate cause of the accident was the negligence of Holmes in driving without having his headlights on, are sufficiently set out in our original decree and need not be repeated herein. We have, however, carefully reviewed the testimony and evidence pertaining to whether ap-pellee could have or should have observed the approaching Holmes vehicle before attempting the left turn. The evidence on this point discloses that the area in which the left turn was attempted was well lighted and that when the turn was attempted, the Holmes automobile was hardly more than three car lengths from the appellee and under a large street light. We find, therefore, that appellee should have observed the approach of the oncoming car and not have attempted the left turning maneuver.
It follows, therefore, that appel-lee was guilty of negligence that was a proximate cause of the accident. A motorist is under a duty to see what there is to be seen and is charged with seeing what could have been seen. Bowers v. Hardware Mutual Casualty Company, et al., La.App., 119 So.2d 671 (2d Cir.1960); Mock v. Savage, La.App., 123 So.2d 806 (2d Cir.1960); and when adverse weather conditions impair visibility a motorist is under a higher degree of care to make certain that a turn can be made in safety. Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451 (1958). A motorist must make certain an anticipated left turn can be made without danger to oncoming traffic and has the duty to yield the right-of-way to oncoming traffic. Washington Fire and Marine Insurance Company v. Wallace, La.App., 92 So.2d 777 (2d Cir.1957); Sharp v. Travelers Indemnity Company, La.App., 122 So.2d 833 (1st Cir.1960).
In view of our finding that appellee was guilty of contributory negligence in commencing to execute a left turning maneuver at a time when it was unsafe to do so, the original decree of this court is annulled and set aside, the judgment of the trial court awarding plaintiff damages is annulled, set aside and reversed, and plaintiff’s demands are rejected at her costs.
BOLIN, J., dissents, adhering to the views expressed by this court in its original decree.
Rehearing denied; BOLIN, J., dissents.