LOTTINGER, Judge.
This is a suit by Leonard M. Sherman, individually and for and on behalf of his minor son William F. Sherman, for property damages as well as for personal injuries sustained as a result of an automobile collision. Mrs. Sherman was originally made a party plaintiff but has since been dismissed on her own motion. The named defendants are Robert J. East, his insurer, Allstate Insurance Company, and Wilburn D. Effler. The Lower Court awarded judgment in favor of petitioners and against defendants, and defendants, Allstate and East, have taken this appeal.
This suit arises out of an automobile accident which occurred at approximately 9:30 p.m. on the night of July 12, 1964. At the time of the accident it was dark and drizzling.
The facts disclose that William F. Sherman was operating a motor vehicle owned by his father in an easterly direction on Louisiana Highway No. 22 in the Parish of Tangipahoa, traveling in the direction from Ponchatoula toward Springfield. The Sherman vehicle was suddenly confronted with a vehicle approaching in the opposite direction with bright lights, and operated by defendant Effler. The Effler vehicle crossed the center line of the highway invading the eastbound lanes of travel and collided head on with the Sherman ve- *668 hide. It is alleged by petitioners that following the initial impact, a car operated by defendant, which was also proceeding in an easterly direction behind the Sherman vehicle, collided with the left door of the Sherman vehicle. The lower court awarded judgment for petitioners and against all three defendants, and defendants Allstate and East have appealed.
Defendant Effler was also named a third-party defendant in a third-party petition filed by defendants Allstate and East, and filed an answer to both demands. However, he did not appear nor was he represented at the trial of the matter. The defendants East and Allstate introduced no witnesses on their behalf, they having rested their defense following the introduction of evidence by plaintiff.
Four witnesses testified on behalf of the plaintiff, namely, young Sherman, the driver of the vehicle, Peter M. Drude III, who was riding in the middle of the front seat of the Sherman vehicle, Charles Tommy Hebert, Jr., who was riding in the right front seat of the Sherman vehicle, Samuel J. Ryan, Jr., who was traveling in an easterly direction some distance behind the Sherman vehicle, and Mrs. Alice Sherman, the mother of young Sherman.
Young Sherman testified that as he was proceeding easterly over a hill he noticed the glare of headlights approaching him. He naturally assumed that the approaching vehicle was in the right lane of traffic. As he approached the top of the hill, the approaching Effler car appeared in his lane of travel traveling at a high rate of speed he turned for the ditch. He says he was knocked unconscious and remembers nothing further of the impact nor the circumstances following the accident. He did testify, however, that prior to the accident there was a car somewhat down the road behind him, but how close he was and how fast he was going he didn’t know.
Young Drude testified that the first thing he recalled was a stream of lights and that the approaching vehicle was coming extremely fast. As the other car came over the crest of the hill, all he could think about was glass hitting him in the eye. This, he said, occurred in just a split second of time. He recalls only one big crash or “explosion” and had no recollection of a second crash. He was not aware that there was a car traveling behind them prior to the accident. Young Drude was not knocked unconscious as a result of the accident.
Charles Tommy Hebert stated that as they were coming up the hill the approaching car appeared over on their side of the road in their lane. He remembers Sherman starting toward the ditch at about the time they hit. He heard only one crash. He had no recollection whatsoever of a second crash. He testified that he only learned of the involvement of the East vehicle on the following day when he read about it in the newspaper. He said that the accident with the Effler car was an instantaneous matter.
Mr. Samuel J. Ryan, Jr., who was a good friend and neighbor of the three boys who were riding in the Sherman vehicle, testified that not over three or four minutes before he arrived at the scene of the accident, and while he was at a distance of some three-quarters of a mile from the accident scene, a car passed him. He first testified that, at the time, he was traveling about 55 to 60 miles an hour and that the passing vehicle had to be going 70 to 75. He later reduced his speed to probably 50 and then testified that the passing vehicle had to be going 55 if he was going 50. He stated that at the time there was a light sprinkle.
Of course, if defendant East is shown to have been guilty of joint or concurrent negligence which was a proximate cause of the accident and the resulting damages, then the decision of the lower court is correct. However, it is incumbent upon the petitioner to prove his case by a preponderance of the evidence, and this, we feel, he has failed to do.
*669 The courts of this state have held that it is not negligence for an automobile to run into an accident which has happened immediately in its path of travel. A driver is not held to anticipate that an accident is going to happen. It is not unreasonable to drive as though one did not expect two cars immediately ahead of him to have a head on collision, particularly under the circumstances before us. Soudelier v. Johnson, La.App., 95 So.2d 39; Theriot v. Johnson, La.App., 95 So.2d 46; Broussard v. Savant Lumber Company, La.App., 134 So.2d 369; Clark v. Tolbert, La.App., 134 So.2d 605; Harrell v. Taylor, La.App., 149 So.2d 706.
In the Soudelier case, we quoted extensively from Rhea v. Daigle, La.App., 72 So.2d 643, wherein we said:
“We believe under the above quoted expressions that while the driver of the following vehicle is charged with driving so as to have his car under control to avoid foreseeable dangers and emergencies he is not to be charged with anticipating an emergency such as presented itself here. The first collision was, to use the words of counsel, “tantamount to having a steel curtain suddenly dropped before Hebert on the highway”. Under these circumstances, we cannot find Hebert negligent in conducting himself as he did.”
Although it is possible that the East car could have struck the Sherman car immediately following the initial impact, it is incumbent upon petitioner to prove his case by a preponderence of the evidence. We cannot rely on surmise nor conjecture. The evidence before us fails to disclose negligence on the part of defendant East which was a proximate cause of the accident.
For the reasons hereinabove assigned, the judgment of the lower court will be amended so as to provide judgment in favor of defendants, Robert J. East, Jr. and Allstate Insurance Company, and against petitioner dismissing petitioner’s demand as against said defendants. As amended, the judgment of the lower court will be affirmed. All costs of this appeal shall be paid by petitioners.
Amended and affirmed.